■ MARGARITA CRUZ, Respondent, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants. [691 NYS2d 397] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered March 29, 1998, which granted plaintiff's motion to amend her notice of claim as against both defendants City of

New York and City Housing Authority, unanimously affirmed, without costs.

Amendment of the notice of claim was properly allowed absent a showing of how defendants were prejudiced thereby (General Municipal Law § 50-e [6]). Concerning the cause of plaintiff's fall, although her notice of claim alleged only snow and ice, her testimony at the General Municipal Law § 50-h hearing, held less than two months after service of the notice of claim and less than five months after the accident, was adequate to give defendants timely notice of plaintiff's present claim, reiterated in both her complaint and bill of particulars, that a large hole in the sidewalk, which was concealed from view because covered over by snow and ice, contributed to her fall (see, D'Alessandro v New York City Tr. Auth., 83 NY2d 891). Concerning the location of plaintiff's fall, the description thereof contained in the notice of claim ("west side of First Avenue and 27th and 28th Streets in front of the Nathan Strauss * * * Housing Authority Buildings"), as supplemented by her section 50-h testimony (in front of the main entrance to 344 First Avenue, closer to the building than to the curb), was adequate to enable defendant Housing Authority, "with a modicum of effort" (Lord v New York City Hous. Auth., 184 AD2d 406, 407), to find the alleged sidewalk defect, which plaintiff's proposed amended notice of claim describes as located "on the west side of First Avenue, between 27th and 28th street, adjacent to and on the east side of the Nathan Strauss * * * Housing Authority Buildings". This last description locates the hole in an area that, as described by the motion court without comment from the parties on appeal, is off "the sidewalk proper [on a walkway] leading towards the abutting building", and, as further described by plaintiff without comment from defendants, is only some five to fifteen feet outside of the area depicted in the photographs taken by the Housing Authority's investigators. As the motion court stated, the investigators could have and should have searched a larger area, off the straight path of the sidewalk itself, and closer to the main entrance of the building. Concur—Ellerin, P. J., Rosenberger, Williams, Andrias and Saxe, JJ.