■ SHEYNA STRELETSKAYA, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [812 NYS2d 130]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated January 14, 2005, which granted the defendant's motion, in effect, for summary judgment dismissing the complaint on the ground that the notice of claim was defective and denied her cross motion for leave to serve an amended notice of claim, nunc pro tunc.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is denied, the cross motion is granted, the complaint is reinstated, and the amended notice of claim is deemed served.

The defendant satisfied its burden of establishing that the plaintiff's notice of claim did not substantially comply with the requirements of General Municipal Law § 50-e (2) in that it failed to describe the location of the occurrence and the cause of the plaintiff's fall with sufficient particularity (*see O'Brien v City of Syracuse,* 54 NY2d 353, 358 [1981]; *Ingle v New York City Tr. Auth.,* 7 AD3d 574 [2004]; *Cyprien v New York City Tr. Auth.,* 243 AD2d 673 [1997]; *Cappadonna v New York City Tr. Auth.,* 187 AD2d 691, 692 [1992]; *cf. Brown v City of New York,* 95 NY2d 389, 393-394 [2000]; *Schwartz v City of New York,* 250 NY 332, 335 [1929]). However, General Municipal Law § 50-e (6) provides that a "mistake, omission, irregularity or defect" in the notice of claim may be "corrected, supplied or disregarded" in the court's discretion, provided that such mistake, omission, irregularity, or defect was made in good faith, and in the absence of prejudice to the municipal defendant (*see D'Alessandro v New York City Tr. Auth.,* 83 NY2d 891, 893 [1994]; *Oschepkova v New York City Tr. Auth.,* 24 AD3d 523 [2005]; *Ingle v New York City Tr. Auth., supra*). There was no allegation that the error in the notice of claim was made in bad faith. Additionally, the manner in which the accident occurred and the specific location of the accident were described at the General Municipal Law § 50-h hearing conducted about three months after the accident and the verified bill of particulars received by the defendant about seven months after the accident (*see Oschepkova v New York City Tr. Auth., supra*; *Power v Manhattan & Bronx Surface Operating Auth.,* 16 AD3d 655, 655-656 [2005]; *Butler v Town of Smithtown,* 293 AD2d 696, 697 [2002]; *Cruz v New York City Hous. Auth.,* 261 AD2d 296 [1999]). Moreover, contrary to the defendant's contention, the proposed amended notice of claim does not substantially alter the plaintiff's theories of liability (*cf. Mahase v Manhattan & Bronx Surface Tr. Operat-*

*ing Auth.*, 3 AD3d 410, 410-411 [2004]; *Barksdale v New York City Tr. Auth.*, 294 AD2d 210, 211 [2002]; *Rodriguez v New York City Tr. Auth.*, 286 AD2d 681 [2001]). Under the circumstances, the Supreme Court improvidently exercised its discretion in granting the defendant's motion, in effect, for summary judgment dismissing the complaint and in denying the plaintiff's cross motion for leave to serve an amended notice of claim, nunc pro tunc. Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.