■ Leslie Ming, Respondent, v City of New York et al., Appellants. (And a Third-Party Action.) [865 NYS2d 256]—

In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), dated July 30, 2007, as granted the plaintiff's motion for leave to amend his notice of claim, and denied their cross motion for summary judgment dismissing the complaint for failure to comply with General Municipal Law § 50-e.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleges that he was injured when his car struck a Consolidated Edison access port that was higher than the roadway, which had been milled in preparation for repaving. The defendants met their burden of establishing that the plaintiff's notice of claim did not substantially comply with the requirements of General Municipal Law § 50-e (2) in that it failed to correctly identify the accident location (see Streletskaya v New York City Tr. Auth., 27 AD3d 640 [2006]; Ingle v New York City Tr. Auth., 7 AD3d 574, 575 [2004]). However, a court may, in its discretion, allow a mistake, irregularity, or defect in a notice of claim to be corrected as long as that mistake, irregularity, or defect was made in good faith and the public

corporation was not prejudiced thereby (see General Municipal Law § 50-e [6]; D'Alessandro v New York City Tr. Auth., 83 NY2d 891, 893 [1994]). The defendants herein do not claim that the plaintiff's mistaken identification in his notice of claim with respect to the block where the accident occurred was made in bad faith, and the record does not support either the defendants' contention that they would be prejudiced by the proposed amendment or a presumption of the existence of prejudice (see Streletskaya v New York City Tr. Auth., 27 AD3d 640 [2006]; Matter of Puzio v City of New York, 24 AD3d 679 [2005]; Lin v City of New York, 305 AD2d 553 [2003]; Matter of Barrios v City of New York, 300 AD2d 480 [2002]; Rosetti v City of Yonkers, 288 AD2d 287 [2001]; Santiago v County of Suffolk, 280 AD2d 594 [2001]). Accordingly, the Supreme Court did not improvidently exercise its discretion in granting the plaintiff's motion for leave to amend his notice of claim pursuant to General Municipal Law § 50-e (6) and denying the defendants' cross motion for summary judgment dismissing the complaint. Fisher, J.P., Balkin, McCarthy and Chambers, JJ., concur.