█ ANTONIETTA BOTTINI, Respondent, v CITY OF NEW YORK et al., Appellants. [909 NYS2d 921]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Miller, J.), dated November 30, 2009, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint and granted the plaintiff's cross motion for leave to file an amended notice of claim.

Ordered that the order is reversed, on the law, on the facts, and in the exercise of discretion, the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint is granted, and the plaintiff's cross motion for leave to file an amended notice of claim is denied.

It is undisputed that the plaintiff's notice of claim did not substantially comply with the requirements of General Municipal Law § 50-e (2) (*see Ming v City of New York*, 54 AD3d 1011 [2008]; *Streletskaya v New York City Tr. Auth.*, 27 AD3d 640 [2006]). However, a court may, in its discretion, allow a mistake, irregularity, or defect in a notice of claim to be corrected as long as that mistake, irregularity, or defect was made in good faith and the public corporation was not prejudiced thereby (*see* General Municipal Law § 50-e [6]; *D'Alessandro v New York City Tr. Auth.*, 83 NY2d 891, 893 [1994]). The defendants herein do not contend that the plaintiff's failure to set forth the time, date, place, and manner in which the claim arose in her notice of claim was made in bad faith, as she used a notice of claim form apparently provided to her by the City of New York's Office of the Comptroller, and such form did not specifically request that information. However, contrary to the Supreme Court's finding, the inconsistent and varying descriptions of the manner and location of the accident contained in the police aided report, the complaint, and two proposed notices of claim prejudiced the defendants' ability to conduct a meaningful and timely investigation (*see Charleston v Incorporated Vil. of Cedarhurst*, 62 AD3d 641 [2009]; *Sarkissian v City of New York*, 302 AD2d 583 [2003]; *Levine v City of New York*, 111 AD2d 785, 787 [1985]). Moreover, without more, the police aided report created on the date of the accident was insufficient to impute knowledge of the omitted details to the defendants (*see Levine v City of New York*, 111 AD2d 785, 787 [1985]).

Accordingly, the Supreme Court should have granted the de-

fendants' motion to dismiss the complaint and denied the plaintiff's cross motion for leave to file an amended notice of claim.

In light of our determination, we need not reach the defendants' remaining contentions. Mastro, J.P., Fisher, Leventhal and Belen, JJ., concur.