◼ JONETTE ROBERSON, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [931 NYS2d 900]—

A court may, in its discretion, grant an application for leave to amend a notice of claim where the mistake, omission, irregularity, or defect in the original notice was made in good faith, and it appears that the public corporation was not prejudiced thereby (*see* General Municipal Law § 50-e [6]; *D'Alessandro v New York City Tr. Auth.*, 83 NY2d 891, 893 [1994]; *Canelos v City of New York*, 37 AD3d 637, 638 [2007]; *Cyprien v New York City Tr. Auth.*, 243 AD2d 673, 674 [1997]). While there is nothing in the record to indicate that the original notice of claim was prepared and served in bad faith, the inconsistent and varying descriptions of the nature of the claim and manner of the accident contained in the original notice of claim, the plaintiff's testimony at the municipal hearing, the complaint, the proposed amended notice of claim, and the plaintiff's affidavit in support of her motion, prejudiced the defendant's ability to conduct a meaningful and timely investigation (*see Bottini v City of New York*, 78 AD3d 632, 633 [2010]; *Parker-Cherry v New York City Hous. Auth.*, 62 AD3d 845, 846 [2009]).

Accordingly, the Supreme Court should have denied the plaintiff's motion for leave to amend the notice of claim and should have granted the defendant's cross motion for summary judgment dismissing the complaint for failure to comply with General Municipal Law § 50-e (2). Rivera, J.P., Florio, Eng, Hall and Cohen, JJ., concur.