■ ROGER DUNSON, Appellant, v RIVERBAY CORPORATION, Respondent. [960 NYS2d 40]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered April 11, 2012, which, to the extent appealed from, denied plaintiff's motion for summary judgment on the issue of liability, unanimously affirmed, without costs.

Plaintiff testified at his deposition that, before May 2007, when the ceiling in his bathroom fell and allegedly caused him injuries, he complained to defendant on numerous occasions, and to the Department of Housing Preservation (DHP), which inspected his apartment twice. However, defendant denied that it received plaintiff's complaints, and DHP records suggest that no such complaints or inspections were made before the incident. Thus, there exist triable issues of fact whether defendant had actual notice of the defective condition (see Figueroa v Goetz, 5 AD3d 164, 165 [1st Dept 2004]).

While defendant's records contain a February 2007 work order that confirms that plaintiff complained, at least once, about the bathroom ceiling, the work order, which is dated approximately four months before the incident at issue, does not state whether there was a leak, or whether repairs were ordered, and therefore does not demonstrate conclusively that defendant had notice of the specific defective condition (see Piacquadio v Recine Realty Corp., 84 NY2d 967, 969 [1994]).

Given that plaintiff had represented to defendant that he had

no witness information before filing his summary judgment motion, less than two weeks before he filed his note of issue and certificate of readiness for trial affirming that all discovery was complete, the motion court properly refused to consider a letter and affidavit from a previously undisclosed notice witness (*see Ravagnan v One Ninety Realty Co.*, 64 AD3d 481, 482 [1st Dept 2009]). In any event, the letter complained only of "dangerous plaster that is falling from the ceiling" in the apartment, without specifying the bathroom ceiling, and therefore does not suffice as notice of the particular dangerous condition that caused plaintiff's injury (*see Piacquadio*, 84 NY2d at 969).

The only evidence that plaintiff submitted of violations of Multiple Dwelling Law §§ 78 (1) and 309 (1) (b) and Administrative Code of the City of New York §§ 27-2005, 27-2013 and 27-2026 is DHP notices of violation that are not only based on inspections that post-date the incident at issue, but also do not mention any leak in the bathroom ceiling. Concur—Friedman, J.P., Saxe, Moskowitz, DeGrasse and Román, JJ.