■ NICOLE M. SINGLETON, Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent. [977 NYS2d 215]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered April 16, 2012, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant met its prima facie burden by submitting evidence showing that it did not own, control or create the utility cap

that caused plaintiff to fall (*see Lopez v Allied Amusement Shows, Inc.*, 83 AD3d 519, 519 [1st Dept 2011]). In opposition, plaintiff failed to raise an issue of fact. Plaintiff offered no evidence disputing defendant's claim that the allegedly defective utility cap was for a water valve and not a gas valve owned or controlled by defendant. Moreover, the fact that defendant performed some excavation and installation work in front of a neighboring building almost three months before plaintiff's accident does not raise an issue of fact as to whether such work resulted in the defective cap that caused plaintiff to fall.

The court did not err in considering the affidavit of defendant's employee in connection with defendant's motion for summary judgment. Although the employee's identity had not previously been disclosed, the employee was not a notice witness to the extent that he stated that defendant's valve caps were square and not round (*cf. Dunson v Riverbay Corp.*, 103 AD3d 578, 579 [1st Dept 2013]) and that he performed an inspection three months after the accident. Furthermore, even if defendant's disclosure was untimely, plaintiff has not made a showing of prejudice since the employee's statement regarding the shape of defendant's valve caps was consistent with the deposition testimony of defendant's designated deponent, which plaintiff herself submitted in opposition to defendant's motion (*see Palomo v 175th St. Realty Corp.*, 101 AD3d 579, 580 [1st Dept 2012]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Feinman, JJ.