In his notice of claim, plaintiff alleged that “[o]n 4/08/2008, at approximately 8:30 a.m., [he] was lawfully traversing the courtyard area located in front of 178 Avenue D, New York, New York, when [he] was caused to trip and fall on the raised concrete perimeter.” At his General Municipal Law § 50-h hearing, plaintiff identified the specific tree well in the courtyard where he allegedly fell in photographs shown to him by defendant.
In his complaint, dated July 1, 2009, plaintiff alleged “[t]hat on or about April 8, 2008, [he] was lawfully traversing the courtyard area, located in front of 178 Avenue D, in the City and State of New York, and was caused to slip/trip and fall as a result of a dangerous and hazardous condition.” On or about *438 March 29, 2010, almost two years after the accident, plaintiff served a bill of particulars in which, for the first time, he identified a different tree well in another area of the courtyard as the accident site. This location was based on a report prepared by plaintiffs expert, who had inspected the courtyard on April 26, 2008.
Although his expert’s report was allegedly prepared within weeks of the accident, plaintiff did not provide it to defendant before his bill of particulars was served. Moreover, in the report, plaintiff s expert did not identify the person who advised him of the accident location, and, at plaintiffs deposition on August 31, 2010, plaintiff once again identified the tree well depicted in the photographs shown to him at his section 50-h hearing as the location. At no time did plaintiff move to amend his notice of claim to revise the location of the particular tree well that allegedly caused him to fall.
Under these circumstances, Supreme Court should have granted defendant summary judgment dismissing the complaint. In addition to giving a vague description in his notice of claim that did not describe the location of the alleged defect with sufficient particularity (see Yankana v City of New York, 246 AD2d 645 [2d Dept 1998]), plaintiff gave contradictory versions of the accident location, which further rendered the notice of claim defective, since it served to obscure the correct location. Plaintiff did not advise defendant of the revised location until more than three years after the alleged accident, which prejudiced defendant’s ability to conduct a meaningful and timely investigation of the claim (see Roberson v New York City Hous. Auth., 89 AD3d 714 [2d Dept 2011]; Harper v City of New York, 129 AD2d 770, 771 [2d Dept 1987] [City prejudiced where notice of claim was not specific in describing accident location and plaintiff later materially contradicted herself]).
Plaintiffs affidavit in opposition to the motion contradicted his testimony at his section 50-h hearing and his deposition as to the accident location and was insufficient to defeat the motion (see Yan Quan Wu v City of New York, 42 AD3d 451, 453 [2d Dept 2007]). Plaintiff, who had lived in the housing project for 20 years or more and was represented by counsel, was given ample opportunity to review the photographs that were shown to him at both his section 50-h hearing and his deposition, and there is no evidence that he was pressured or manipulated into misidentifying the accident location. Nor did his expert state in his affidavit in opposition to the summary judgment motion that plaintiff was the person who advised him where the accident allegedly occurred. The affidavits of the two witnesses *439 who corroborated the revised location should have been precluded. Despite defendant’s formal demands for the names and addresses of all witnesses, and multiple court orders directing compliance, plaintiff failed to disclose the requested information until he opposed defendant’s motion for summary judgment, four months after plaintiff filed a note of issue (see Dunson v Riverbay Corp., 103 AD3d 578 [1st Dept 2013]).
The dissent believes that the affidavit of plaintiffs grandson, Kenneth Robles, should be considered because plaintiff testified at his deposition on August 31, 2010, that Kenneth came to help him sometime after the fall. However, even after the deposition, plaintiff did not identify Kenneth as a witness as required by the court’s compliance order of January 13, 2011. Under these circumstances, where plaintiff repeatedly failed to meet his discovery obligations, both before and after his deposition, and offered no valid excuse for his failure to do so, preclusion is warranted (see Ravagnan v One Ninety Realty Co., 64 AD3d 481, 482 [1st Dept 2009]; Muniz v New York City Hous. Auth., 38 AD3d 628 [2d Dept 2007]). Concur — Andrias, DeGrasse and Freedman, JJ.
Acosta and Freedman, JJ., dissent in a memorandum by Acosta, J., as follows: The main issue on this appeal from an order denying summary dismissal of a personal injury action is whether the notice of claim identified the location of a tree well where the 73-year-old plaintiff tripped and fell sufficiently to permit defendant to locate the place, fix the time, and understand the nature of the accident. In my opinion, although plaintiff misidentified the location of the accident in a photograph shown to him at his General Municipal Law § 50-h hearing, his bill of particulars and an expert report served before his deposition provided the exact location of the tree well at issue, with both photographs and a description. I also reject defendant’s claims of prejudice since it is clear from the record that defendant was aware of the discrepancy before making the motion, and its expert inspected and photographed both locations.
Plaintiff alleges that he sustained injuries on April 8, 2008, when he tripped and fell on a tree well in the courtyard area at defendant’s Jacob Riis housing project. Plaintiff testified at his section 50-h hearing that after passing one of the two “posts in front of the project,” he “tripped or something” and “became a little unconscious.” A female neighbor he had “seen around” but could not identify by name stopped to help him, and she called an ambulance and his grandson Kenneth.
Plaintiff was shown four black and white photographs, from which he selected the photograph marked “Exhibit B” as depict *440 ing the location of his accident. Plaintiff described the area of his fall as pieces of concrete surrounding one of several trees in the courtyard area, stating that what he saw “was a concrete [sic] and the curb of this surrounding [sic], and it was, like, an inch with a little, like, circle around it. I didn’t see well, because I don’t see well, but I did see it.” The condition of the concrete “was, you know, broken, you know. There are a lot of kids, in fact, who have fallen there.” Plaintiff marked the exact location of his fall by drawing an “X” with a blue pen. In reviewing the photographs, plaintiff ruled out the other tree wells depicted because the trees inside were “too big,” and he had fallen against a “skinnier one.” The concrete at the base of the tree was broken and “not good,” and he had previously seen a woman fall in that location.
Within a year, plaintiff filed a complaint alleging that he was caused to “slip/trip and fall as a result of a dangerous and hazardous condition” in “the courtyard area, located in front of 178 Avenue D, in the City and State of New York.”
Plaintiff’s bill of particulars alleges that defendant was negligent in permitting a “dangerous and defective condition” to exist at a “raised concrete perimeter surrounding a tree located in a housing complex courtyard.” Specifically, plaintiff placed the accident as occurring “in the court yard area approximately one hundred and sixty (160) feet east curb [sic] at the easterly side of Avenue D and approximately sixteen (16) feet south of the wrought iron fence which in turn is located at the rear and southernly [sic] side of the main entry/exit walkway leading to the building which is owned by Defendant, NEW YORK CITY HOUSING AUTHORITY, located at 178 Avenue D, New York, New York 10009.”
Plaintiff later served a CPLR 3101 (d) expert witness disclosure, which included the expert report of engineer Robert Schwartzberg, who inspected and photographed the accident site as described in plaintiffs bill of particulars, and 10 color photographs of the area.
Plaintiff was deposed on August 31, 2010, and testified that he was in a courtyard halfway between the buildings known as 170 and 178 Avenue A when his accident occurred. When shown “Exhibit B” from his section 50-h hearing, and asked whether it showed an area near where his accident occurred, he initially testified, “Maybe, I just can’t really distinguish that.” Defense counsel next asked plaintiff whether he “recognize [d] the area that is depicted in that photograph; yes or no,” to which plaintiff responded “Yes, I do recognize it. Yes.” Plaintiff further testified that the photograph showed where he fell, pointing to the area he had previously marked.
*441 Regarding how the accident occurred, plaintiff testified that he fell “[a]gainst a tree” when his left foot tripped on a piece of concrete surrounding the tree. He could not identify the woman who assisted him after he fell, other than that she was a resident of 1141 FDR Drive. While he did not know her name, he saw her come home from work almost every day in the late afternoon. His grandson, Kenneth Robles Jr., who arrived at the accident site shortly after his accident, was present in the waiting room during plaintiffs deposition.
Raul Franco, defendant’s supervisor of grounds, testified that his duties involved inspecting the grounds on a weekly and monthly basis, looking for any tripping hazards. While he inspected the trees inside the concrete tree wells, he did not inspect the concrete itself. He did not know why the concrete wells were not part of the regular inspection, and he personally did not find any reason to look at them.
Defendant moved for summary judgment arguing that plaintiff had failed to identify any dangerous or defective condition, and that defendant was free from negligence. Defendant argued that plaintiffs expert opined on an area different from the area plaintiff identified as the location of his fall, and his opinion was thus irrelevant.
In support of its motion, defendant annexed the affidavit of engineer Mark Marpet. Marpet observed that the area plaintiff marked on the photograph labeled “Exhibit B” and the area examined by plaintiffs expert witness were different. Marpet took photographs of both areas, but only performed measurements on the tree well depicted in “Exhibit B.” According to Marpet, the height differential between the three-sided tree well and its adjacent pavers varied along its length between negative three eights and positive three fourths of an inch. Since the largest vertical displacement was three fourths of an inch, Marpet opined that the well was not unsafe, as such a height differential would be insufficient to cause a pedestrian to stub his toe and fall.
Plaintiff opposed, arguing that the photographs provided by defendant at the 50-h hearing were misleading, causing him to misidentify the specific tree well where he fell as being located on ‘Exhibit B.” Lynda Negron averred in an affidavit that she was the unknown witness who assisted plaintiff after his fall. She stated that the photograph of engineer Schwartzberg, and not “Exhibit B” depicted the tree well where plaintiff fell. She personally witnessed plaintiff fall, and she inspected the area after his accident, observing that the concrete perimeter surrounding the tree was raised, defective, and in need of repair.
*442 Kenneth Robles Jr., also provided an affidavit in which he stated that he received a telephone call from Negron, advising him that his grandfather had fallen. He immediately reached the scene, where he was advised that his grandfather had not moved from the area of his fall. This area is depicted in the photographs taken by expert Schwartzberg, an area Robles inspected on the accident date, observing that it contained a raised, defective concrete perimeter.
The motion court denied defendant’s motion. On appeal, defendant argues that the complaint should have been dismissed because plaintiff’s notice of claim was defective in that it gave a vague and incorrect accident location and prejudiced defendant. Alternatively, defendant argues that plaintiffs change in the location of his accident is a feigned issue of fact, insufficient to defeat its motion for summary judgment. I disagree.
The test of the sufficiency of a notice of claim is whether it provides information sufficient to enable the municipal agency to investigate the allegations contained therein. In determining whether there has been compliance with the requirements of General Municipal Law § 50-e, the courts must focus on whether, based on the claimant’s description, the relevant “municipal authorities can locate the place, fix the time and understand the nature of the accident” (Brown v City of New York, 95 NY2d 389, 393 [2000]).
Since the purpose of a notice of claim is to permit defendant to investigate, prejudice warranting dismissal accrues “where a municipal defendant is able to show that it actually conducted a timely investigation at the wrong site due to the erroneous description” (Williams v City of New York, 229 AD2d 114, 117 [1st Dept 1997]). Prejudice, however, will not be presumed, it must be shown by defendant (id.).
Here, the notice of claim was not incorrect. The problem occurred when plaintiff, at his section 50-h hearing, incorrectly identified the tree well he fell over. Nevertheless, plaintiff’s expert’s report and his bill of particulars, both served after his section 50-h hearing, but before his deposition, describe with metes and bounds the tree well he subsequently identified as the correct tree well. Thus, the only incorrect identification of the accident site was made by plaintiff in marking “Exhibit B” at his section 50-h hearing, and in subsequently reaffirming that fact at his deposition. As observed by the motion court, none of the photographs offered to plaintiff at his hearing depicted the entire courtyard, and they lacked points of orientation. Given the foregoing, and insofar as all the tree wells in the courtyard are nearly identical, plaintiffs misidentification ap *443 pears to be an inadvertent error (see Ortiz v New York City Hous. Auth., 214 AD2d 491 [1st Dept 1995]).
Although plaintiff misidentified the location of the accident in a photograph shown to him at his section 50-h hearing, the bill of particulars and an expert’s report served prior to his deposition provided the exact location of the tree well at issue. And although defendant’s expert photographed both the location provided in plaintiffs bill of particulars and the location marked on “Exhibit B,” he did not perform measurements to the concrete perimeter identified in plaintiffs bill of particulars, as he did for the perimeter depicted in the “Exhibit B” photographs.
Given that the condition that allegedly caused plaintiff to trip and fall was not transitory, it is difficult for defendant to claim prejudice, since it seems that defendant made an affirmative decision not to investigate the location identified by plaintiff in his bill of particulars and expert’s report (compare Reyes v City of New York, 281 AD2d 235 [1st Dept 2001] [City could not locate the correct location of the accident and plaintiff failed to respond to the City’s request for a supplemental description of the accident location]).
The majority states that Negron’s and Robles’s affidavits should have been precluded because neither witness was disclosed before plaintiff filed the note of issue. Plaintiff, however, testified at his deposition that Robles came to his aid at the scene of the accident and the deposition transcript indicates that defendant knew that Robles was present in the waiting room during the deposition. Thus, defendant knew about Robles before filing for summary judgment.
Plaintiffs change of accident location was not a feigned issue of fact, as defendant suggests. Plaintiffs expert identified the location and defect claimed by plaintiff a mere 18 days after the accident. Defendant did not move for summary judgment until many years later.
Defendant’s remaining arguments, in my opinion, have no merit. Accordingly, inasmuch as I believe there are issues of fact concerning, among other things, whether the defect at issue was de minimis, or an open and obvious condition, I would affirm the order denying defendant’s motion for summary judgment.