(April 13, 2016)

■ ALICIA AVERY, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [29 NYS3d 499]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated January 23, 2015, which denied her motion for leave to serve an amended notice of claim.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiff's motion for leave to serve an amended notice of claim is granted.

On September 18, 2013, the plaintiff allegedly was injured when, after exiting a bus operated by the defendant, she stepped onto a broken and uneven portion of the roadway and fell to the ground. On or about October 3, 2013, she served a notice of claim alleging that she fell in "the vicinity of the bus stop located on Fulton Street near its intersection with Lafayette Avenue, Brooklyn, N.Y." On December 23, 2013, the plaintiff testified at a hearing held pursuant to General Municipal Law § 50-h that the accident happened when she got off of the B-25 bus by the Lafayette Avenue train station. In late January 2014, the plaintiff commenced this action alleging, in her verified complaint, that she was injured at the same location. In October 2014, the plaintiff moved for leave to serve an amended notice of claim to reflect that "[t]he location of the occurrence was the vicinity of the B-25 bus stop and the Lafayette train station, located on Fulton Street near its intersection with Greene Avenue, Brooklyn, N.Y." The plaintiff asserted that the purpose of the proposed amendment was to give a more detailed description of the location of her fall. The defendant opposed the motion, contending that the plaintiff was acting in bad faith by attempting to change the accident location and that it would be prejudiced in its ability to conduct an investigation of the accident site if her motion were granted. The Supreme Court denied the motion.

A notice of claim must state "the time when, the place where

and the manner in which the claim arose" (General Municipal Law § 50-e [2]). "The purpose of the statutory notice of claim requirement is to afford the public corporation an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available" (*Vallejo-Bayas v New York City Tr. Auth.*, 103 AD3d 881, 882 [2013]). " 'The requirements of the statute are met when the notice describes the accident with sufficient particularity so as to enable the defendant to conduct a proper investigation thereof and to assess the merits of the claim' " (*id.* at 882, quoting *Palmer v Society for Seamen's Children*, 88 AD3d 970, 971 [2011]). "[A] court may, in its discretion, allow a mistake, irregularity, or defect in a notice of claim to be corrected as long as that mistake, irregularity, or defect was made in good faith and the public corporation was not prejudiced thereby" (*Ming v City of New York*, 54 AD3d 1011, 1011-1012 [2008]; *see* General Municipal Law § 50-e [6]).

Here, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion for leave to serve an amended notice of claim. Contrary to the defendant's contention, there is nothing in the record to suggest that the plaintiff acted in bad faith or attempted to change the location of her fall. In fact, the plaintiff gave a consistent description of the location of her fall in her notice of claim, in her testimony at the hearing held pursuant to General Municipal Law § 50-h, and in her complaint (*cf. Bottini v City of New York*, 78 AD3d 632 [2010]). When the plaintiff served the defendant with a notice of claim, she attached a photograph of the subject intersection. When she subsequently moved for leave to amend the notice of claim, she attached additional photographs which, contrary to the defendant's contention, depicted the same intersection viewed from different angles. Thus, any inconsistency between the original description of the location of the plaintiff's fall and the description provided in the amended notice of claim did not prejudice the defendant. Given the information provided by the plaintiff in her notice of claim and in her testimony at the hearing held pursuant to General Municipal Law § 50-h, the defendant could have ascertained the location of the accident with a modicum of effort (*see Hernandez v City of Yonkers*, 74 AD3d 1025 [2010]).

Accordingly, the Supreme Court should have granted the plaintiff's motion for leave to serve an amended notice of claim. Mastro, J.P., Dillon, Hinds-Radix and Maltese, JJ., concur.