Matter of DiMattia v City of New York (2020 NY Slip Op 02924)





Matter of DiMattia v City of New York


2020 NY Slip Op 02924


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-13865
 (Index No. 85126/18)

[*1]In the Matter of Maryellen DiMattia, appellant,
v
City of New York, respondent.


Arnold E. DiJoseph, P.C., New York, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and Tahirih M. Sadrieh of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(6) for leave to amend a notice of claim, the petitioner appeals from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated October 4, 2018. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On April 18, 2017, the petitioner allegedly sustained personal injuries when she tripped and fell on a sidewalk in Staten Island. On or about July 10, 2017, the petitioner served a notice of claim upon the City of New York, identifying the location where the accident occurred as "near 165 Seagate Court" in Staten Island. In May 2018, at a hearing conducted by the City pursuant to General Municipal Law § 50-h, the petitioner testified that the accident occurred in front of a house on Father Capodanno Boulevard. In June 2018, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(6) for leave to amend the notice of claim to substitute 165 Father Capodanno Boulevard in the place of 165 Seagate Court as the location of the accident. In an order dated October 4, 2018, the Supreme Court denied the petition and, in effect, dismissed the proceeding.
A petition for leave to amend a notice of claim may be granted provided that the error in the original notice of claim was made in good faith and the municipality has not been prejudiced thereby (see General Municipal Law § 50-e[6]; D'Alessandro v New York City Tr. Auth., 83 NY2d 891, 893; Jenkins v New York City Hous. Auth., 162 AD3d 752, 753).
The petitioner failed to demonstrate that the error in the original notice of claim regarding the address of the property adjacent to the allegedly defective sidewalk where the accident occurred was made in good faith. Furthermore, the petitioner failed to meet her initial burden of demonstrating that the City will not be prejudiced as a result of the petitioner's lengthy delay in seeking leave to correct the description of the accident location (see Jenkins v New York City Hous. Auth., 162 AD3d at 753; Roberson v New York City Hous. Auth., 89 AD3d 714, 715; Canelos v City of New York, 37 AD3d 637, 638). Contrary to the petitioner's contention, she failed to establish that the alleged sidewalk defect had remained unchanged from the time of the accident until the time that [*2]she correctly identified its location more than one year later at the hearing pursuant to General Municipal Law § 50-h (see Frankfort v City of New York, 159 AD2d 680, 682; Fendig v City of New York, 132 AD2d 520, 521). The petitioner's conclusory assertion that the alleged defective condition was essentially unchanged since the date of the accident did not constitute a satisfactory substitute for the City's opportunity to conduct a meaningful investigation (see Murtha v Town of Huntington, 120 AD3d 480, 482; Pelaez v City of New York, 79 AD3d 1115, 1116; Serrano v City of New York, 143 AD2d 652, 653). The petitioner was not able to identify any witnesses to the accident or the alleged defective condition, did not receive any medical assistance at the site, and did not allege that the accident was reported to anyone so as to give the City actual knowledge of the location of the alleged defective condition within the statutory 90-day period or a reasonable time thereafter (see General Municipal Law § 50-e[5]; Jenkins v New York City Hous. Auth., 162 AD3d at 753).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition for leave to amend the notice of claim and, in effect, dismissing the proceeding.
RIVERA, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court