Pisano v Metropolitan Transp. Auth. (2021 NY Slip Op 01077)





Pisano v Metropolitan Transp. Auth.


2021 NY Slip Op 01077


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-09125
 (Index No. 150271/18)

[*1]Robert Pisano, Jr., respondent, 
v
Metropolitan Transportation Authority, etc., et al., appellants.


Lawrence Heisler, Brooklyn, NY (Harriet Wong of counsel), for appellants.
Chelli & Bush (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated May 21, 2018. The order granted the plaintiff's motion for leave to amend his notice of claim.
ORDERED that the order is affirmed, with costs.
In the early morning of November 24, 2016, the plaintiff entered the platform at the Bay Terrace Staten Island Railroad station and fell onto the tracks. Before he could either remove himself from the tracks or be rescued, he was struck by a train, suffering severe physical injuries. Portions of the accident were captured on surveillance video.
The Supreme Court granted the plaintiff leave to serve a late notice of claim on the defendants, the Metropolitan Transportation Authority (hereinafter MTA), the New York City Transit Authority, and the Staten Island Rapid Transit Operating Authority, and directed the defendants to provide copies of surveillance videos to the plaintiff.
Due to his inability to recall the accident, and based upon representations made to his father by MTA detectives, the plaintiff's original notice of claim alleged that, just prior to the accident, he was lying unconscious on the tracks. However, the videos provided by the defendants revealed that, after his fall, the plaintiff stood, walked around, and apparently attempted to climb back onto the platform. The plaintiff moved for leave to amend his notice of claim to reflect this fact and to modify his theory of liability in keeping with the facts. The Supreme Court granted the motion, and the defendants appeal.
"The purpose of the statutory notice of claim requirement is to afford the public corporation an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available" (Bowers v City of New York, 147 AD3d 894, 895 [internal quotation marks omitted]; see Avery v New York City Tr. Auth., 138 AD3d 770, 771). Accordingly, while a court has the discretion to permit a plaintiff to serve an amended notice of claim (see General Municipal Law § 50-e[1][a]; [5], [6]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 465; Matter of DiMattia v City of New York, 183 AD3d 823, 824), amendment is permitted only where the error in the original notice of claim was made in good faith, the municipality is not prejudiced, and the amendment does not substantively change the nature of the claim (see Matter of DiMattia v City of New York, 183 AD3d at 824; I.T.K. [*2]v Nassau Boces Educ. Found., Inc., 177 AD3d 962, 963; Rubenstein v City of New York, 176 AD3d 1132, 1133).
Here, since the plaintiff could not recall the accident, in formulating his original notice of claim, he could rely only on an MTA police report stating that just prior to the accident he was lying down under the platform, and statements made by MTA dectives to his father that he was unconscious prior to the accident. Accordingly, there is no basis to suspect that the plaintiff's allegation that he was unconscious was made in bad faith. Since the videos were in the defendants' possession, they could easily have ascertained the true facts at any time had they exercised "a modicum of effort" (Avery v New York City Tr. Auth., 138 AD3d at 771). Contrary to the defendants' contention, the plaintiff's allegation that the defendants were negligent in failing to install a ladder that would have permitted a passenger to escape the track bed does not substantially change his theory of liability that the platform design was defective and that the defendants failed to promptly and properly respond to a 911 call notifying them of a passenger on the tracks (see I.T.K. v Nassau Boces Educ. Found., Inc., 177 AD3d at 963; Rubenstein v City of New York, 176 AD3d at 1133).
In addition, the defendants proffered no basis for their claim of prejudice, nor is any apparent, given that the plaintiff's motion for leave to amend was made not only prior to his filing of a complaint, but even prior to his General Municipal Law § 50-h hearing, which had been delayed due to his medical condition. Although the defendants appear to suggest that delay, without more, constitutes prejudice, "'the mere passage of time normally will not constitute substantial prejudice in the absence of some showing of actual injury'" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466, quoting Matter of Sarkisian Bros. v State Div. of Human Rights, 48 NY2d 816, 818). Under these circumstances, the Supreme Court providently exercised its discretion in granting the plaintiff leave to amend his notice of claim (see Ruark v City of Glen Cove, 164 AD3d 1492, 1494; Vallejo-Bayas v New York City Tr. Auth., 103 AD3d 881, 883; Dowd v City of New York, 40 AD3d 908, 912).
DILLON, J.P., CHAMBERS, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court