Breton v Dishi (2022 NY Slip Op 03793)

Breton v Dishi

2022 NY Slip Op 03793

Decided on June 09, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 09, 2022

Before: Kapnick, J.P., Mazzarelli, Gesmer, Shulman, Rodriguez, JJ. 

Index No. 157760/16 Appeal No. 16107-16107A Case No. 2021-03764, 2022-00268 

[*1]Leidy Breton, Plaintiff-Appellant,
v
Avi Dishi, Defendant-Respondent. 

Pollack Pollack Isaac & DeCicco, New York (Jillian Rosen of counsel), for appellant.
Catalano Gallardo & Petropoulos, LLP, Jericho (Domingo R. Gallardo of counsel), for respondent.

Judgment, Supreme Court, New York County (Lynn R. Kotler, J.), entered October 13, 2021, dismissing the complaint, unanimously reversed, on the law, without costs, the judgment vacated, and the complaint reinstated. Appeal from amended order, same court and Justice, entered September 30, 2021, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
There is an issue of fact as to whether plaintiff's injuries were caused by a ceiling collapse in her bedroom. Plaintiff's deposition testimony that the ceiling collapsed on her was sufficient to raise a triable issue as to how the accident occurred. Any inconsistencies in the several accounts of the accident, including the testimony of plaintiff's roommate that the ceiling collapsed prior to the date of plaintiff's claimed accident, go to the weight of the evidence, not its competence, and is a matter for resolution by the trier of fact (see Hutchison v Estate of Kursh, 198 AD3d 509 [1st Dept 2021]; Alvarez v New York City Hous. Auth., 295 AD2d 225, 226 [1st Dept 2002]).
Plaintiff's testimony that her roommate called the superintendent complaining of a leak in the ceiling on a Saturday and Sunday, and that the superintendent came to the apartment that Monday and told plaintiff that he could not do anything about the leak at that point, which resulted in the ceiling collapsing on plaintiff early the next morning, raised an issue of fact as to whether defendant had notice of the ceiling defect (see Dunson v Riverbay Corp., 103 AD3d 578 [1st Dept 2013]; Griffith v 505 W. 142nd St. Hous. Dev. Fund Corp., 269 AD2d 237 [1st Dept 2000]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2022