Matter of St. Hilaire v New York City Hous. Auth. (2023 NY Slip Op 02316)

Matter of St. Hilaire v New York City Hous. Auth.

2023 NY Slip Op 02316

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-02949
2020-07093
 (Index No. 51330/19)

[*1]In the Matter of Isidore Bradley St. Hilaire, appellant,
v
New York City Housing Authority, respondent.

Beth Schlossman (The Feinsilver Law Group, P.C., Brooklyn, NY [H. Jonathan Rubinstein and David Feinsilver], of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York, NY (John Sandercock of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(6) for leave to amend a notice of claim or, in the alternative, pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from (1) an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated January 23, 2020, and (2) an order of the same court dated August 10, 2020. The order dated January 23, 2020, denied the petition and, in effect, dismissed the proceeding. The order dated August 10, 2020, insofar as appealed from, upon reargument, adhered to the prior determination in the order dated January 23, 2020.
ORDERED that the appeal from the order dated January 23, 2020, is dismissed, as that order was superseded by the order dated August 10, 2020, made upon reargument; and it is further,
ORDERED that the order dated August 10, 2020, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
On November 9, 2018, the petitioner allegedly was injured when he slipped and fell on a wet and broken step while descending a staircase in certain premises located in Brooklyn. On December 19, 2018, the petitioner served a notice of claim upon the New York City Housing Authority (hereinafter NYCHA), identifying the premises where the accident occurred as 330 Bushwick Avenue in Brooklyn, and particularly, the "A" side staircase between the first and second floors. NYCHA sought to conduct a General Municipal Law § 50-h hearing on May 7, 2019, but the petitioner canceled the hearing the day prior and it was never rescheduled. In June 2019, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(6) for leave to amend the notice of claim to substitute 131 Moore Street, and particularly, the "A" side staircase between the third and fourth floors, in place of the premises at 330 Bushwick Avenue as the accident location. In the alternative, the petitioner sought leave to serve a late notice of claim pursuant to General Municipal Law § 50-e(5).
In an order dated January 23, 2020, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner subsequently moved for leave to reargue the petition. In an order dated August 20, 2020, the court granted reargument and, upon reargument, adhered to the prior determination in the order dated January 23, 2020. The petitioner appeals.
Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to commencing an action against NYCHA (see General Municipal Law § 50-e[1][a]; Public Housing Law § 157[2]; Matter of Thomas v New York City Hous. Auth., 200 AD3d 1051, 1051-1052). A petition for leave to amend a notice of claim may be granted provided that the error in the original notice of claim was made in good faith and the public corporation has not been prejudiced thereby (see General Municipal Law § 50-e[6]; Davis v City of New York, 210 AD3d 865, 866; Matter of DiMattia v City of New York, 183 AD3d 823, 824).
Here, the petitioner failed to demonstrate that the error in the original notice of claim was made in good faith. The petitioner also failed to meet his initial burden of demonstrating the absence of prejudice to NYCHA arising from the petitioner's incorrect description of the accident location (see Jenkins v New York City Hous. Auth., 162 AD3d 752, 753; Torres v Town of Babylon, 123 AD3d 1007, 1008). The petitioner relied solely on the transient nature of the wet condition and the unchanged nature of the broken condition that allegedly caused the accident to support his contention that NYCHA did not suffer prejudice. However, the petitioner did not allege that there were any witnesses to the accident or to the condition complained of, or that the accident was reported to anyone so as to give NYCHA actual knowledge of the essential facts constituting the claim within the statutory period or a reasonable time thereafter (see General Municipal Law § 50-e[5]; Matter of DiMattia v City of New York, 183 AD3d at 824-825; Jenkins v New York City Hous. Auth., 162 AD3d at 753). Moreover, the petitioner's assertion that the alleged defective condition was essentially unchanged since the date of the accident did not constitute a satisfactory substitute for NYCHA's opportunity to conduct a meaningful investigation (see Matter of DiMattia v City of New York, 183 AD3d at 824; Eherts v County of Orange, 215 AD2d 524, 525). Accordingly, upon reargument, the Supreme Court providently exercised its discretion in adhering to the determination denying that branch of the petition which was for leave to amend the notice of claim.
Furthermore, upon reargument, the Supreme Court providently exercised its discretion in adhering to the determination denying that branch of the petition which was for leave to serve a late notice of claim. "In determining whether to grant a petition for leave to serve a late notice of claim . . . , the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in its defense on the merits" (Matter of Brown v City of New York, 202 AD3d 783, 783 [internal quotation marks omitted]; see General Municipal Law § 50-e[5]; Matter of Reddick v New York City Hous. Auth., 188 AD3d 890, 890). The presence or absence of any factor is not determinative (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460; Etienne v City of New York, 189 AD3d 1400, 1402)
Here, the petitioner failed to establish that NYCHA had actual knowledge of the essential facts constituting the claim within 90 days of its accrual or within a reasonable time thereafter (see Matter of Joseph v City of New York, 208 AD3d 1324, 1326; Matter of Robinson v City of New York, 208 AD3d 587, 588). The petitioner also failed to provide a reasonable excuse for his failure to serve a timely notice of claim (see W.Z. v New York City Health & Hosps. Corp., 185 AD3d 759, 761; Matter of Ruiz v City of New York, 154 AD3d 945, 947).
Finally, the petitioner failed to present a plausible argument that the late notice will not substantially prejudice NYCHA (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; Matter of Lang v County of Nassau, 210 AD3d 773, 775-776; Matter of Miskin v City of New York, 175 AD3d 684, 685-686). "Where, as here, there is no reasonable excuse for the delay and [NYCHA] did not acquire actual knowledge of the essential facts of the claim within the 90-day period or a reasonable time thereafter, the transitory nature of the injury-producing condition weighs [*2]against the granting of an application to file a late notice of claim" (Matter of Moroz v City of New York, 165 AD3d 799, 800; see Matter of Charles v County of Orange, N.Y., 164 AD3d 1232, 1234).
Accordingly, upon reargument, the Supreme Court providently exercised its discretion in adhering to the determination denying the petition and, in effect, dismissing the proceeding.
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court