Hernandez v City of New York (2025 NY Slip Op 03312)

Hernandez v City of New York

2025 NY Slip Op 03312

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-10551
 (Index No. 704310/18)

[*1]Justina Arenaza Hernandez, appellant, 
v
City of New York, et al., defendants, Metropolitan Transportation Authority, et al., respondents.

Bradford Cooke, Staatsburg, NY, for appellant.
Barry McTiernan & Moore LLC, New York, NY (Allison A. Snyder of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered September 29, 2023. The order, insofar as appealed from, (1) denied that branch of the plaintiff's motion which was for leave to amend the notice of claim and the complaint, (2) denied, as academic, those branches of the plaintiff's motion which were to restore the action to the active calendar and to compel compliance with discovery demands, and (3), in effect, granted the cross-motion of the defendants Metropolitan Transportation Authority, MTA Bus Co., and MTA New York City Transit Authority to dismiss the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that branch of the plaintiff's motion which was for leave to amend the notice of claim and the complaint is granted, the cross-motion of the defendants Metropolitan Transportation Authority, MTA Bus Co., and MTA New York City Transit Authority to dismiss the complaint insofar as asserted against them is denied, and the matter is remitted to the Supreme Court, Queens County, for a determination on the merits of those branches of the plaintiff's motion which were to restore the action to the active calendar and to compel compliance with discovery demands.
On May 22, 2017, the plaintiff allegedly was injured while she was a passenger on a municipal bus in Queens when the bus driver stopped short, causing her to fall. On June 26, 2017, the plaintiff served a notice of claim, which incorrectly listed the date of the accident as May 15, 2017, upon the defendants Metropolitan Transportation Authority, MTA Bus Co., and MTA New York City Transit Authority (hereinafter collectively the defendants). Thereafter, the plaintiff commenced this action to recover damages for personal injuries against, among others, the defendants. In November 2019, the action was placed on the inactive calendar.
The plaintiff subsequently moved for leave to amend the notice of claim and the complaint to reflect the correct accident date, to restore the action to the active calendar, and to compel compliance with certain discovery demands. The defendants cross-moved to dismiss the complaint insofar as asserted against them on the ground that the notice of claim failed to comply with General Municipal Law § 50-e(2). In an order entered September 29, 2023, the Supreme Court, [*2]inter alia, (1) denied that branch of the plaintiff's motion which was to amend the notice of claim and the complaint, (2) denied, as academic, the remaining branches of the plaintiff's motion, and (3), in effect, granted the defendants' cross-motion to dismiss the complaint insofar as asserted against them. The plaintiff appeals.
"'To enable authorities to investigate, collect evidence and evaluate the merit of a claim, persons seeking to recover in tort against a municipality are required, as a precondition to suit, to serve a Notice of Claim'" (Davis v City of New York, 210 AD3d 865, 866, quoting Brown v City of New York, 95 NY2d 389, 392). General Municipal Law § 50-e(2) requires that the notice of claim set forth, among other things, "the time when, the place where and the manner in which the claim arose" (see Brown v City of New York, 95 NY2d at 393). "'[I]n determining compliance with the requirements of General Municipal Law § 50-e, courts should focus on the purpose served by a Notice of Claim: whether based on the claimant's description municipal authorities can locate the place, fix the time and understand the nature of the accident'" (T.N. v City of New York, 227 AD3d 815, 816, quoting Brown v City of New York, 95 NY2d at 393). "Pursuant to General Municipal Law § 50-e(6), a court has discretion to grant leave to serve an amended notice of claim where the error in the original notice was made in good faith and where the other party has not been prejudiced thereby" (id. at 816-817; see Avery v New York City Tr. Auth., 138 AD3d 770, 771).
Here, there is no indication in the record that the accident date listed in the notice of claim and the complaint was set forth in bad faith (see Hernandez-Panell v City of New York, 232 AD3d 859, 860). Rather, the plaintiff's mistake was based upon her reliance on a police report that incorrectly listed the accident date (see Matter of Schepper v County of Orange, 121 AD2d 638, 639). Moreover, contrary to the Supreme Court's determination, the proposed amendment to the accident date was purely technical in nature and did not substantively change the nature of the claim (cf. Matter of Lesaine v New York City Health & Hosps. Corp., 199 AD3d 1005, 1006).
Furthermore, the record does not reflect that the defendants will be prejudiced by the plaintiff's delay in moving for leave to amend the notice of claim. Under the circumstances of this case, including that the plaintiff received medical assistance at the accident site, that specific details regarding the circumstances of the accident, including the accident location and bus route, were set forth in a police report and the notice of claim, and that the plaintiff's error in listing an accident date several days prior to the actual date of the accident was minimal, the defendants could have ascertained the date of the accident "with a modicum of effort" (Ruark v City of Glen Cove, 164 AD3d 1492, 1495 [internal quotation marks omitted]; see Avery v New York City Tr. Auth., 138 AD3d at 771; Hernandez v City of Yonkers, 74 AD3d 1025, 1027; cf. Jenkins v New York City Hous. Auth., 162 AD3d 752, 753). Moreover, the mere passage of time, without more, was insufficient to constitute substantial prejudice to the defendants (see Pisano v Metropolitan Transp. Auth., 191 AD3d 907, 909).
Accordingly, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to amend the notice of claim and the complaint, and should have denied the defendants' cross-motion to dismiss the complaint insofar as asserted against them. In light of our determination, those branches of the plaintiff's motion which were to restore the action to the active calendar and to compel compliance with discovery demands are no longer academic, and we remit the matter to the Supreme Court, Queens County, for a determination on the merits of those branches of the motion (see Hoffman v Dean C Ltd Partnership, 229 AD3d 452, 454).
IANNACCI, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court