R.S. v City of New York (2026 NY Slip Op 00922)

R.S. v City of New York

2026 NY Slip Op 00922

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2024-02554
 (Index No. 504726/18)

[*1]R. S., etc., et al., appellants, 
vCity of New York, et al., respondents.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellants.
Steven Banks, Corporation Counsel, New York, NY (Janet L. Zaleon and Susan Paulson of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Patria Frias-Colón, J.), dated November 21, 2023. The order denied the plaintiffs' motion, inter alia, for leave to amend the notice of claim.
ORDERED that the order is affirmed, with costs.
On June 2, 2017, the infant plaintiff allegedly was injured while running in a park owned and operated by the defendant City of New York, located in Brooklyn, when she tripped, fell, and sustained injuries. In a notice of claim, the infant plaintiff and her father, on her behalf, stated that the accident occurred on June 19, 2017. In March 2018, the plaintiffs commenced the instant action against the defendants to recover damages for personal injuries the infant plaintiff allegedly sustained in the fall. In the complaint, the plaintiffs alleged that the accident occurred on June 19, 2017. The defendants interposed an answer denying the allegations.
In August 2022, the plaintiffs moved, inter alia, for leave to amend the notice of claim to correct the date of the accident. The defendants opposed the motion. In an order dated November 21, 2023, the Supreme Court denied the plaintiffs' motion. The plaintiffs appeal.
"'A timely and sufficient notice of claim is a condition precedent to asserting a tort claim against a municipality or public benefit corporation'" (Mitchell v Jimenez, 233 AD3d 773, 774, quoting Se Dae Yang v New York City Health & Hosps. Corp., 140 AD3d 1051, 1052; see Matter of Johnson v County of Suffolk, 167 AD3d 742, 743). "General Municipal Law § 50-e(2) requires that the notice of claim set forth, among other things 'the time when, the place where and the manner in which the claim arose'" (T.N. v City of New York, 227 AD3d 815, 816, quoting Brown v City of New York, 95 NY2d 389, 393; see Davis v City of New York, 210 AD3d 865, 866). "Pursuant to General Municipal Law § 50-e(6), a court has discretion to grant leave to serve an amended notice of claim where the error in the original notice was made in good faith and where the other party has not been prejudiced thereby" (T.N. v City of New York, 227 AD3d at 816-817; see Hernandez-Panell v City of New York, 232 AD3d 859, 860). The plaintiff has the initial burden of establishing the absence of prejudice (see Garland v City of New York, 237 AD3d 669, 670; Matter of St. Hilaire v [*2]New York City Hous. Auth., 216 AD3d 645, 647).
Here, the plaintiffs failed to meet their initial burden of demonstrating the absence of prejudice to the defendants arising from the plaintiffs' repeated errors regarding the date of the accident. There was an unexplained delay in seeking leave to amend the notice of claim of approximately two-and-a-half years after the plaintiffs' counsel became aware of the correct date of the accident (see T.N. v City of New York, 227 AD3d at 817; Matter of DiMattia v City of New York, 183 AD3d 823, 824; Torres v Town of Babylon, 123 AD3d 1007, 1008). Contrary to the plaintiffs' contentions, an occurrence report did not establish that the defendants had actual knowledge of the correct date of the accident, as the occurrence report did not give the defendants actual knowledge of the circumstances surrounding the infant plaintiff's alleged fall (see Y.P. v City of New York, 230 AD3d 1332, 1333-1334; Matter of Almeida v City of New York, 227 AD3d 890, 892; Matter of DiMattia v City of New York, 183 AD3d at 824).
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion, among other things, for leave to amend the notice of claim.
BARROS, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court