■ BEATRIZ AVILES, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendant. [609 NYS2d 85] —In an action to recover damages for personal injuries, the defendant City of New York appeals from a judgment of the Supreme Court, Queens County (Price, J., on liability; Nahman, J., on damages), entered May 14, 1991, upon a jury verdict, which is in favor of the plaintiff and against it in the principal sum of $67,992.

Ordered that the judgment is reversed, on the law, with costs, and the action is dismissed.

The plaintiff fractured her arm when she fell on snow and ice on a sidewalk in Queens on January 28, 1987. She filed a notice of claim against the defendant City of New York (hereinafter the City) in February 1987, less than a month later. The notice of claim indicated the street and the address where she fell and simply stated "[p]laintiff was caused to fall on the sidewalk." In July 1987, approximately six months after the accident, the plaintiff served her complaint, which alleged that she was injured as a result of the City's failure to remove ice and snow from the sidewalk.

At the close of the plaintiff's case, the City moved to dismiss the complaint on the ground that the notice of claim was defective because it failed to mention that the plaintiff had fallen on snow and ice. The court reserved its decision and, after the verdict in the plaintiff's favor, denied the motion. We conclude that the notice of claim was defective and that the trial court erred in denying the defendant's motion to dismiss the complaint.

A notice of claim must state "the time when, the place where and the manner in which the claims arose" (General Municipal Law § 50-e [2]). The notice must provide a sufficient basis for the municipality to conduct an investigation while the facts surrounding the incident are fresh (see, O'Brien v City of Syracuse, 54 NY2d 353, 358; Levine v City of New York, 111 AD2d 785). Whether the notice is sufficient depends on the circumstances of the case (see, Shea v Incorporated Vil. of Head of Harbor, 180 AD2d 675; Levine v City of New York, supra). Snow and ice are conditions that change with the passage of time. Therefore, they should be set forth in the notice of claim with even greater specificity than conditions that do not change over time (see, e.g., Fendig v City of New York, 132 AD2d 520; Caselli v City of New York, 105 AD2d 251; Levine v City of New York, supra). Here, the notice of claim was plainly inadequate since it was silent with regard to the cause of the accident and the nature of the defect (see, Caselli v City of New York, supra; Levine v City of New York, supra).

The plaintiff contends that the defect in the notice of claim is one which may be disregarded because it did not prejudice the City (see, General Municipal Law § 50-e [6]). We agree with the plaintiff insofar as she claims that the City did not demonstrate that its ability to conduct a physical examination

of the location where the accident occurred was affected by her failure to mention the snow and ice in her notice of claim, since those conditions undoubtedly had changed by the time the notice was served *(see, e.g., Hoffman v New York City Hous. Auth.,* 187 AD2d 334). However, we find that the City's ability to investigate other aspects of the occurrence was hampered. Interviews with witnesses take on added importance in cases involving short-lived conditions such as snow and ice.

One of the issues to be decided by the jury was whether the City was negligent in failing to clear the sidewalk of snow and ice within a reasonable time *(see, Valentine v City of New York,* 86 AD2d 381, *affd* 57 NY2d 932; *Gonzalez v City of New York,* 148 AD2d 668). We find that the defective notice of claim substantially prejudiced the City in maintaining its defense that the accident occurred before it had a reasonable amount of time to shovel the sidewalk. Moreover, because the notice completely failed to mention the snow and ice conditions *(cf., Hoffman v New York City Hous. Auth., supra; Rosenblatt v City of New York,* 160 AD2d 927), the City was deprived of an opportunity to interview witnesses in a timely manner about whether any nearby homeowners had shoveled the sidewalk. Under these circumstances, the City established that it was prejudiced by the defect in the notice of claim, and the complaint should have been dismissed. Thompson, J. P., O'Brien, Joy and Altman, JJ., concur.