■ LIGHIA RODRIGUEZ, Appellant, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Respondent. [636 NYS2d 388] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Queens County (Price, J.), dated July 8, 1994, as denied the plaintiff's motion for leave to serve an amended notice of claim, and granted the cross motion of the defendant New York City Housing Authority to dismiss the complaint insofar as it is asserted against it, and (2) a judgment of the same court, entered January 25, 1995, upon the order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

General Municipal Law § 50-e (2) provides, in part, that a notice of claim shall "set forth * * * the time when, the place where and the manner in which the claim arose". In the matter at bar, the plaintiff allegedly injured herself on March 20, 1993, when she slipped and fell on an accumulation of ice and snow on a path owned and maintained by the New York City Housing Authority (hereinafter the NYCHA) and located in Queens County. However, in the plaintiff's original notice of claim served June 7, 1993, and in her testimony at the hearing held pursuant to General Municipal Law § 50-h on July 15, 1993, she stated that she slipped and fell on March 13, 1993. She did not move to correct that error until almost one year later, by motion originally returnable on June 30, 1994, based upon a hospital report she received in April 1994.

We agree with the Supreme Court that such a long delay substantially prejudiced the ability of the NYCHA to investigate this matter involving a short-lived condition, i.e., the accumulation of ice and snow. The plaintiff's failure to promptly move to correct the erroneous date she originally gave in her notice of claim, together with the repetition of the erroneous date at the hearing, deprived the NYCHA of an opportunity to timely interview witnesses about the condition of the path on the day of the plaintiff's accident. Under these circumstances, it was not an improvident exercise of discretion to deny the plaintiff's motion to amend her notice of claim *(see, Aviles v City of New York,* 202 AD2d 530). Balletta, J. P., O'Brien, Santucci and Florio, JJ., concur.