■ In the Matter of GRECIA VALLE, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [637 NYS2d 757] —In a proceeding pursuant to General Municipal Law § 50-e to deem an amended notice of claim timely served, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated August 17, 1994, as, upon reargument, adhered to the original determination of the same court, dated March 17, 1994, denying the petition and granting the respondent's cross motion to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellant's timely notice of claim alleging a slip and fall on ice concededly misidentified the accident site and the photographs accompanying the notice of claim contained no street signs or landmarks. Thus, the notice of claim was inadequate to meet the statutory requirements set forth in General Municipal Law § 50-e (2). Neither the appellant's testimony seven months after the accident at a hearing pursuant to General Municipal Law § 50-h in which she placed the accident site "on a sidewalk, sort of an exit from one of the projects * * * on 28th Street", nor her amended notice of claim proffered two weeks later, depicting the accident as occurring on the sidewalk alongside the parking lot * * * located on the side of 2925 West 27th Street", served to dissipate the prejudice to the respondent in its attempt to conduct a timely and meaningful investigation *(see, Ortiz v New York City Hous. Auth.,* 201 AD2d 547; *Setton v City of New York,* 174 AD2d 723). Moreover, the report of the Housing Authority police officer filed on the date of the accident did not provide a basis for imparting knowledge of the appellant's claim to the respondent *(see, Caselli v City of New York,* 105 AD2d 251; *Krug v City of New York,* 147 AD2d 449). Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the appellant's petition to deem her amended notice of claim timely served and in dismissing the complaint. Mangano, P. J., Copertino, Joy and Altman, JJ., concur.