JULIANA RUIZ et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendant. [655 NYS2d 964] —In an action to

recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Price, J.), dated December 3, 1992, which (1) denied their motion for leave to amend their notice of claim pursuant to General Municipal Law § 50-e (6), and (2) granted the cross motion of the defendant City of New York to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

A notice of claim must state "the time when, the place where and the manner in which the claim arose" (General Municipal Law § 50-e [2]). Moreover, the notice of claim must provide a sufficient basis for a municipality to conduct an investigation while the facts surrounding the incident are fresh (see, O'Brien v City of Syracuse, 54 NY2d 353, 358; Aviles v City of New York, 202 AD2d 530; Levine v City of New York, 111 AD2d 785).

The plaintiff Marisel Ruiz alleged that she and her infant plaintiff, whom she held in her arms, were injured when she fell on an accumulation of snow and ice on a sidewalk in Queens. In their notice of claim, the plaintiffs misidentified the situs of the accident by stating a nonexistent address. This error, compounded by the transitory nature of the condition, prejudiced the City by preventing it from timely conducting an investigation into the occurrence (see, Aviles v City of New York, supra, at 531). In addition, there has been no showing that there was a nexus between the infancy of the four-year-old plaintiff and the lengthy delay in moving to amend the notice of claim (see, Matter of O'Mara v Town of Cortlandt, 210 AD2d 337, 338; Matter of Kyser v New York City Hous. Auth., 178 AD2d 601; Matter of Kurz v New York City Health & Hosps. Corp., 174 AD2d 671).

Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the plaintiffs' motion for leave to amend their notice of claim and dismissing the complaint against the defendant City of New York. Thompson, J. P., Sullivan, Pizzuto and Santucci, JJ., concur.