■ JORGE MONMASTERIO, an Infant, by ELAINE MONMASTERIO, et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [833 NYS2d 498]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered on or about June 19, 2006, which, to the extent appealed from as limited by the briefs, denied defendant's motion to dismiss so much of the complaint as alleges inadequate security, unanimously reversed, on the law, without costs, the motion granted and the claim of inadequate security dismissed.

Plaintiffs' notice of claim states, in pertinent part, that: "The claim arose on September 17, 2004 at approximately 11:00 P.M. at or about 1730 Watson Avenue, Bronx, New York and a parking lot and dumpster located thereat; in that infant claimant while lawfully walking in the vicinity of said dumpster was accosted, beaten, assaulted and robbed by unknown assailants who had hidden about said dumpster. That the aforesaid occurred as a result of the negligence of [defendant], its agents and/or employees in the ownership, maintenance and control of said housing project and parking lot and areas thereof; in failing to provide adequate, sufficient and operable lighting at said location with prior knowledge of similar criminal conduct and activity in the immediate vicinity and location where the plaintiff was harmed."

Plaintiffs allege in the complaint that defendant failed to maintain its premises in a reasonably safe condition in that it did not provide adequate lighting and security in the area where the incident occurred. With respect to the inadequate security claim, plaintiffs allege that although defendant employed security personnel for the premises generally, it "provided inadequate and improper security for said parking lot and adjacent areas . . . in relation to the prior criminal activity within its premises." Defendant moved, among other things, to dismiss the claim of inadequate security on the ground it constituted a new theory of liability not asserted in the notice of claim. Plaintiffs countered that the inadequate security claim simply "expound[ed]" a specific claim of negligence. Supreme Court denied that aspect of the motion.

The notice of claim describes the location of the incident, the time it occurred, the circumstances surrounding it, and indicates a particular theory of liability—that defendant negligently failed "to provide adequate, sufficient and operable lighting" at the scene of the incident. To be sure, the notice of claim does refer

to defendant's alleged "prior knowledge of similar criminal conduct and activity in the immediate vicinity and location where the plaintiff was harmed." But this allegation, which appeared in the same clause of the notice of claim that specified the failure to provide adequate lighting as the basis of defendant's negligence, is not connected to any claim that defendant's negligence was a failure to provide adequate security. Instead, the crux of the notice of claim is that because defendant had knowledge of similar criminal conduct in the same immediate vicinity and location, "adequate, sufficient and operable lighting"—not more security personnel—should have been provided.

The notice of claim satisfies the requirements of General Municipal Law § 50-e because the information supplied is sufficient to have enabled defendant promptly and adequately to investigate the claim of inadequate lighting (*see Brown v City of New York*, 95 NY2d 389 [2000]). However, nothing in the notice of claim would have alerted defendant to the need to investigate the number and adequacy of the security personnel it employed, and plaintiffs were not free subsequently to interject a new, distinct theory of liability without leave of court. The inadequate security claim, which differs substantially from the inadequate lighting claim, is a new, distinct theory of liability and must be dismissed (*see Melendez v New York City Hous. Auth.*, 294 AD2d 243 [2002]; *White v New York City Hous. Auth.*, 288 AD2d 150 [2001]). Concur—Andrias, J.P., Marlow, Nardelli, Sweeny and McGuire, JJ.