■ JUANA TORRES et al., Appellants, v TOWN OF BABYLON, Defendant, and TOWN OF BABYLON INDUSTRIAL DEVELOPMENT AGENCY, Respondent. [999 NYS2d 513]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk

County (Pitts, J.), dated February 18, 2014, which denied their motion pursuant to General Municipal Law § 50-e (6) for leave to serve an amended notice of claim.

Ordered that the order is affirmed, with costs.

Pursuant to General Municipal Law § 50-e (6), a court has discretion to grant leave to serve an amended notice of claim where the error in the original notice was made in good faith and where the other party has not been prejudiced thereby (*see Copeland v City of New York*, 90 AD3d 691 [2011]; *Sanchez v City of New York*, 87 AD3d 576 [2011]). Here, while there is no indication that the error regarding the location of the subject accident in the original notice of claim was made in bad faith, the record demonstrates prejudice to the respondent, the defendant Town of Babylon Industrial Development Agency (hereinafter the Agency), as a result of the error. The original notice of claim misidentified the location of the accident as the "walkway/pathway" in front of 595 Smith Street, East Farmingdale, rather than the correct location, the "roadway/parking lot" at 540 Smith Street, East Farmingdale. Furthermore, the subsequent complaint, bill of particulars, photographs of the purported accident location, supplemental bill of particulars, and even a second supplemental bill of particulars served almost 2½ years after the accident, all of which continued to misidentify the accident location, failed to dissipate the prejudice to the Agency in its attempt to conduct a timely and meaningful investigation (*see Charleston v Incorporated Vil. of Cedarhurst*, 62 AD3d 641, 642 [2009]; *Sarkissian v City of New York*, 302 AD2d 583 [2003]; *Matter of Valle v New York City Hous. Auth.*, 224 AD2d 433 [1996]). The plaintiffs contend that the Agency's ability to conduct a physical examination of the snow and ice condition that allegedly caused the injured plaintiff's accident was not affected by the error in the notice of claim, since that condition undoubtedly had changed by the time the original notice was served. However, the record reveals that the Agency's ability to investigate other aspects of the occurrence and to interview witnesses was hampered by the plaintiffs' delay of more than 2½ years in serving a third supplemental bill of particulars identifying the correct accident location and in moving for leave to serve an amended notice of claim (*see Charleston v Incorporated Vil. of Cedarhurst*, 62 AD3d at 642; *Ruiz v City of New York*, 237 AD2d 422, 423 [1997]; *Rodriguez v City of New York*, 223 AD2d 536, 537 [1996]; *Aviles v City of New York*, 202 AD2d 530, 531 [1994]). Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the plaintiffs' motion for leave to serve an amended notice of claim. Rivera, J.P., Hall, Austin, Miller and Maltese, JJ., concur.