Washington v City of New York (2021 NY Slip Op 00453)





Washington v City of New York


2021 NY Slip Op 00453


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-08425
 (Index No. 23860/09)

[*1]Mary Washington, etc., plaintiff-respondent,
v
City of New York, et al., appellants, Silverite Construction Company, Inc., et al., defendants- respondents, et al., defendant (and a third-party action).


Barry, McTiernan & Moore LLC, New York, NY (David H. Schultz of counsel), for appellants.
Pazer, Epstein, Jaffe & Fein, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Brianna Walsh, and Jillian Rosen], of counsel), for plaintiff-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants City of New York and New York City Department of Environmental Protection appeal from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated June 19, 2017. The order, insofar as appealed from, granted a motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against those defendants, and denied those defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting the motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants City of New York and New York City Department of Environmental Protection, and substituting therefor a provision denying that motion, and (2) by deleting the provision thereof denying those branches of those defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6), insofar as asserted against them, and substituting therefor a provision granting those branches of those defendants' motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiff to the defendants City of New York and New York City Department of Environmental Protection.
On April 9, 2009, Daniel Washington was working as an electrician for a nonparty electrical contractor at a waste water treatment plant in Brooklyn. He allegedly sustained injuries when he fell from a temporary stair made of cinder blocks. On June 1, 2009, Washington filed a notice of claim with the defendant City of New York, alleging that the accident occurred in a building located on Greenpoint Avenue in Brooklyn, and that it was caused by the City's negligence and carelessness. On June 24, 2009, Washington filed a notice of claim with the defendant New York City Department of Environmental Protection (hereinafter DEP), alleging that the accident was [*2]caused by DEP's negligence and carelessness.
On July 30, 2009, Washington testified at an examination conducted pursuant to General Municipal Law § 50-h (hereinafter the 50-h hearing). He stated, inter alia, that on the date of the accident, he was working as an electrician for Arc Electrical & Mechanical, which was contracted to do work at the water treatment plant on Greenpoint Avenue. While ascending an interior stairway, he was required to step onto two cinder blocks at the top of the stairs in order to climb through a hatchway door onto the roof. One of the cinder blocks fell over as he stepped on it, causing him to twist his back and left knee.
In September 2009, Washington commenced this action against, among others, the City and DEP (hereinafter together the City defendants), seeking to recover damages for personal injuries caused by the City defendants' common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). After discovery, Washington moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the City defendants. On the same day, the City defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. As relevant here, the Supreme Court granted Washington's motion and denied the City defendants' motion. The City defendants appealed. By decision and order on application of this Court dated January 8, 2021, Mary Washington, as administrator of the estate of Daniel Washington, was substituted for the deceased plaintiff Daniel Washington, and the caption was amended accordingly.
"To enable authorities to investigate, collect evidence and evaluate the merit of a claim, persons seeking to recover in tort against a municipality are required, as a precondition to suit, to serve a Notice of Claim" (Brown v City of New York, 95 NY2d 389, 392; see Davis v City of New York, 153 AD3d 658, 660). A notice of claim must set forth, among other things, "the nature of the claim" and "the time when, the place where and the manner in which the claim arose" (General Municipal Law § 50-e[2]). "'The requirements of the statute are met when the notice describes the [incident] with sufficient particularity so as to enable the defendant to conduct a proper investigation thereof and to assess the merits of the claim'" (Conn v Tutor Perini Corp., 174 AD3d 680, 681, quoting Palmer v Society for Seamen's Children, 88 AD3d 970, 971).
"[I]n making a determination on the sufficiency of a notice of claim, a court's inquiry is not limited to the four corners of the notice of claim" (Vallejo-Bayas v New York City Tr. Auth., 103 AD3d 881, 882). A court may consider evidence adduced at a 50-h hearing to correct a good faith and nonprejudicial technical mistake, omission, irregularity, or defect in the notice of claim (see General Municipal Law § 50-e[6]; D'Alessandro v New York City Tr. Auth., 83 NY2d 891, 893; Davis v City of New York, 153 AD3d at 660). However, the evidence adduced at the 50-h hearing cannot be used to substantively change the nature of the claim or the theory of liability (see Castillo v Kings County Hosp. Ctr., 149 AD3d 896, 897). Moreover, causes of action or legal theories may not be raised in the complaint that were not directly or indirectly mentioned in the notice of claim and that change the nature of the claim or assert a new one (see Rojas v Hazzard, 171 AD3d 820, 821; Gonzalez v Povoski, 149 AD3d 1472, 1474).
Here, each notice of claim was limited to an allegation that Washington was injured due to the City defendants' negligence. There were no allegations, direct or indirect, that Washington was working as an electrician as part of a construction project at the time of the accident and that the provisions of Labor Law §§ 200, 240(1), and 241(6) applied. Thus, Labor Law claims are foreclosed (see Gonzalez v Povoski, 149 AD3d at 1474). Accordingly, the Supreme Court should have denied the motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the City defendants, and granted those branches of the City defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6) insofar as asserted against them (see Davis v City of New York, 153 AD3d at 661).
Each notice of claim did, however, allege common-law negligence, and we agree with the Supreme Court's denial of that branch of the City defendants' motion which was for summary judgment dismissing that cause of action. "A property owner is charged with the duty of maintaining [*3]its premises in a reasonably safe condition" (Reed v 64 JWB, LLC, 171 AD3d 1228, 1228). "'[A] defendant moving for summary judgment in a trip-and-fall case has the burden of establishing that it did not create the hazardous condition that allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it'" (Miranda Leone Realty, Inc., 179 AD3d 1052, 1052, quoting Ash v City of New York, 109 AD3d 854, 855). Here, the City defendants failed to submit any evidence that they did not create the dangerous condition of the temporary cinder block stair or that they did not have actual or constructive notice of the condition (see Robbins v 237 Ave. X, LLC, 177 AD3d 799, 800). Accordingly, the City defendants failed to demonstrate their prima facie entitlement to summary judgment dismissing the common-law negligence cause of action (see Torre v Aspen Knolls Estates Home Owners Assn., Inc., 150 AD3d 789, 790).
The City defendants' remaining contentions need not be reached in light of our determination.
DILLON, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court