Davis v City of New York (2022 NY Slip Op 06466)

Davis v City of New York

2022 NY Slip Op 06466

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2020-03298
 (Index No. 712754/16)

[*1]Pauline Davis, appellant, 
v
City of New York, et al., respondents, et al., defendant.

Burns & Harris, New York, NY (Judith F. Stempler of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Scott Shorr and Anna Gottlieb of counsel; Jordan Davis on the brief), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered March 3, 2020. The order granted the motion of the defendants City of New York and New York City Department of Education pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them and denied the plaintiff's cross motion pursuant to General Municipal Law § 50-e(6) for leave to amend the notice of claim, and for related relief.
ORDERED that the order is affirmed, with costs.
On September 16, 2015, the plaintiff allegedly was injured when she slipped and fell on water in a school cafeteria. In November 2015, the plaintiff served a notice of claim on the defendants City of New York and New York City Department of Education (hereinafter together the defendants), alleging that the accident occurred at P.S. 273 located at 88-07 102nd Street in Queens. The defendants did not thereafter examine the plaintiff under oath pursuant to General Municipal Law § 50-h. By summons and complaint dated October 13, 2016, the plaintiff commenced this personal injury action against the defendants, among others. She alleged in the complaint and the bill of particulars that the accident had occurred at P.S. 273 in Queens.
On November 26, 2019, approximately one week before the trial was scheduled to begin, the defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as
asserted against them on the ground that the notice of claim set forth the incorrect school and address for the location of the accident and, therefore, did not comply with General Municipal Law § 50-e(2). The defendants' counsel affirmed that, on or about November 25, 2019, she discovered that the accident had actually occurred at a different school, also designated as P.S. 273, located in Brooklyn. The plaintiff opposed the motion and cross-moved pursuant to General Municipal Law § 50-e(6) for leave to amend the notice of claim, and for related relief. In an order entered March 3, 2020, the Supreme Court granted the defendants' motion and denied the plaintiff's cross motion. The plaintiff appeals, and we affirm.
"To enable authorities to investigate, collect evidence and evaluate the merit of a claim, persons seeking to recover in tort against a municipality are required, as a precondition to suit, to serve a Notice of Claim" (Brown v City of New York, 95 NY2d 389, 392; see General Municipal Law § 50-e; Ruark v City of Glen Cove, 164 AD3d 1492, 1494; Davis v City of New York, 153 AD3d 658, 660). General Municipal Law § 50-e(2) requires that the notice of claim set forth, among other [*2]things, "the time when, the place where and the manner in which the claim arose" (see Brown v City of New York, 95 NY2d at 393; Davis v City of New York, 153 AD3d at 660). "[I]n determining compliance with the requirements of General Municipal Law § 50-e, courts should focus on the purpose served by a Notice of Claim: whether based on the claimant's description municipal authorities can locate the place, fix the time and understand the nature of the accident" (Brown v City of New York, 95 NY2d at 393). Pursuant to General Municipal Law § 50-e(6), a court has discretion to grant leave to serve an amended notice of claim where the error in the original notice was made in good faith and where the other party has not been prejudiced thereby (see Torres v Town of Babylon, 123 AD3d 1007, 1008).
Here, the plaintiff failed to meet her initial burden of demonstrating the absence of prejudice to the defendants arising from the plaintiff's incorrect description of the accident location (see Jenkins v New York City Hous. Auth., 162 AD3d 752; Torres v Town of Babylon, 123 AD3d 1007). The parties do not dispute that, while the notice of claim correctly identified the location of the accident as the lunchroom in P.S. 273, the notice of claim incorrectly set forth the address of the school, identifying the P.S. 273 located in Queens instead of the correct P.S. 273 located in Brooklyn. The record demonstrates that the defendants were prejudiced by this error because, among other things, they produced the custodian of the incorrect school for a deposition, searched records with respect to the incorrect school, and only discovered the error on the eve of trial, four years after the plaintiff served the notice of claim.
Accordingly, the Supreme Court properly denied the plaintiff's cross motion pursuant to General Municipal Law § 50-e(6) for leave to amend the notice of claim, and for related relief, and, therefore, properly granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them.
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court