Mosley v City of New York (2023 NY Slip Op 03345)

Mosley v City of New York

2023 NY Slip Op 03345

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-00762
 (Index No. 527313/19)

[*1]Dar Es Salaam Mosley, etc., respondent, 
v
City of New York, et al., defendants, New York City Housing Authority, appellant.

Herzfeld & Rubin, P.C., New York, NY (Linda M. Brown of counsel), for appellant.
Law Office of Charles Nathan, P.C., Bronx, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, etc., the defendant New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated November 23, 2020. The order, insofar as appealed from, denied that defendant's cross-motion, in effect, to strike (1) the allegations set forth in sections 9, 10, 12, and 28 of the bill of particulars, (2) the allegations set forth in the first, third, and fourth paragraphs of section 7 of the bill of particulars, (3) the allegations set forth in subsection (e) of section 13 of the bill of particulars, and (4) the allegations set forth in subsection (d) of section 30 of the bill of particulars.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the cross-motion of the defendant New York City Housing Authority, in effect, to strike (1) the allegations set forth in sections 9, 10, 12, and 28 of the bill of particulars, (2) the allegations set forth in the first, third, and fourth paragraphs of section 7 of the bill of particulars, (3) the allegations set forth in subsection (e) of section 13 of the bill of particulars, and (4) the allegations set forth in subsection (d) of section 30 of the bill of particulars is granted.
In 2019, the plaintiff commenced this action, inter alia, to recover damages for wrongful death. The complaint alleged that on March 10, 2018, O'Neal Shurome Mosley (hereinafter the decedent) was shot and killed by unknown assailants at a Brooklyn residence located within the Louis Armstrong public housing complex, which was owned and operated by the defendant New York City Housing Authority (hereinafter NYCHA).
The notice of claim identified the nature of the claim against NYCHA as "[t]o recover monetary, and or equitable relief for personal injuries, conscious pain and suffering resulting from negligence in providing adequate security to part of the Louis Armstrong public housing complex owned by NYCHA; wrongful death and loss of services." In describing the "time when, the place where and the manner in which the claim arose," the notice of claim stated that the area where the decedent was shot "was pitch dark without illumination. The LED Light Towers brought there by NYCHA to provide lighting had not been turned on. These LED Light Towers were not turned on consistently over periods of time from ever since they were brought to the area by the NYCHA." The notice of claim stated that NYCHA was "negligent, careless and reckless in maintaining [*2]adequate lighting for its residents at all times," and that such negligence was a proximate cause of the decedent's death.
The plaintiff served a bill of particulars dated February 24, 2020. Thereafter, the plaintiff moved, inter alia, to compel NYCHA to comply with certain discovery demands. NYCHA cross-moved, in effect, to strike certain allegations asserted in the bill of particulars that were not asserted in the notice of claim. In support, NYCHA argued that "[n]othing in plaintiff's Notice of Claim, which alleged only inadequate lighting, would have alerted NYCHA to investigate plaintiff's claims, made for the first time in her Bill of Particulars, that NYCHA was negligent in allegedly failing to protect tenants from criminal activities and criminal intrusions; in failing to install CCTV cameras; in failing to remove alleged known criminals, including gang members, drug traffickers and violent offenders from its properties, in violation of NYCHA's Permanent Exclusion Policy and Real Property Law Section 231(2); and 'Sale of narcotics and drugs, gun violence and robberies.'"
In an order dated November 23, 2020, the Supreme Court, inter alia, denied NYCHA's cross-motion, determining that "the allegations in the verified bill of particulars are sufficiently related to the failure to provide adequate lighting as identified in the subject notice of claim." NYCHA appeals.
"A notice of claim which, inter alia, sufficiently identifies the claimant, states the nature of the claim and describes the time when, the place where, and the manner in which the claim arose, is a condition precedent to asserting a tort claim against a municipality" (Steins v Incorporated Vil. of Garden City, 127 AD3d 957, 959, abrogated in part by Smith v City of New York, 210 AD3d 53; see General Municipal Law § 50-e[1][a]; Brown v City of New York, 95 NY2d 389, 392-393; O'Brien v City of Syracuse, 54 NY2d 353, 358). Although "the statute does not require 'those things to be stated with literal nicety or exactness'" (Brown v City of New York, 95 NY2d at 393, quoting Purdy v City of New York, 193 NY 521, 523), a notice of claim must provide "'information sufficient to enable the city to investigate'" (Brown v City of New York, 95 NY2d at 393, quoting O'Brien v City of Syracuse, 54 NY2d at 358), and "must at least adequately apprise the defendant that the claimant would seek to impose liability under a cognizable theory of recovery" (Steins v Incorporated Vil. of Garden City, 127 AD3d at 959).
"'[I]n making a determination on the sufficiency of a notice of claim, a court's inquiry is not limited to the four corners of the notice of claim'" (Washington v City of New York, 190 AD3d 1009, 1011, quoting Vallejo-Bayas v New York City Tr. Auth., 103 AD3d 881, 882). Pursuant to General Municipal Law § 50-e(6), "a mistake, omission, irregularity or defect made in good faith in the notice of claim required to be served by this section, not pertaining to the manner or time of service thereof, may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby" (see Washington v City of New York, 190 AD3d at 1011). "A court may consider evidence adduced at a [General Municipal Law § ] 50-h hearing to correct a good faith and nonprejudicial technical mistake, omission, irregularity or defect in the notice of claim" (id., citing General Municipal Law § 50-e[6]), as well as "such other evidence as is properly before the court" (D'Alessandro v New York City Tr. Auth., 83 NY2d 891, 893).
However, this evidence "cannot be used to substantively change the nature of the claim or the theory of liability," since "causes of action or legal theories may not be raised in the complaint [or in a bill of particulars] that were not directly or indirectly mentioned in the notice of claim and that change the nature of the claim or assert a new one" (Washington v City of New York, 190 AD3d at 1011; see Steins v Incorporated Vil. of Garden City, 127 AD3d at 959; Ana R. v New York City Hous. Auth., 95 AD3d 981, 982; Monmasterio v New York City Hous. Auth., 39 AD3d 354, 355-356).
Here, the notice of claim alleged that NYCHA was negligent in failing to maintain adequate lighting at the location where the decedent was shot and killed. Although the notice of claim independently identified the nature of the claim as one to recover for those damages "resulting from negligence in providing adequate security to part of the Louis Armstrong public housing [*3]complex," the only theory of liability referenced in the notice of claim is NYCHA's alleged failure to provide adequate lighting at the specific location where the decedent was shot and killed. Thus, the crux of the notice of claim is that NYCHA was negligent in failing to provide adequate security by failing to provide adequate lighting at the location where the decedent was shot and killed (see Washington v City of New York, 190 AD3d at 1011; Monmasterio v New York City Hous. Auth., 39 AD3d at 355-356; Lopez v New York City Hous. Auth., 16 AD3d 164, 165; White v New York City Hous. Auth., 288 AD2d 150).
At the same time, the notice of claim did not directly or indirectly reference those allegations raised in sections 7, 9, 10, 12, 13, 28, and 30 of the bill of particulars that concern NYCHA's failure to protect tenants from criminal activities and criminal intrusions, NYCHA's failure to remove alleged known criminals from its premises in violation of its Permanent Exclusion Policy and Real Property Law § 231(2), NYCHA's failure to install CCTV cameras, and the alleged sale of drugs on NYCHA permises. These allegations go beyond mere amplification of the inadequate lighting allegation and are instead new, distinct, and independent theories of liability that cannot be corrected pursuant to General Municipal Law § 50-e(6) (see Washington v City of New York, 190 AD3d at 1011; Williams v County of Westchester, 103 AD3d 796, 797; Tully v City of Glen Cove, 102 AD3d 670, 671; Ana R. v New York City Hous. Auth., 95 AD3d at 982; Monmasterio v New York City Hous. Auth., 39 AD3d at 356; Lopez v New York City Hous. Auth., 16 AD3d at 165; White v New York City Hous. Auth., 288 AD2d 150).
Accordingly, the Supreme Court should have granted NYCHA's cross-motion, in effect, to strike certain allegations in the bill of particulars.
In light of our determination, we need not reach NYCHA's remaining contention.
DILLON, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court