T. N. v City of New York (2024 NY Slip Op 02539)

T. N. v City of New York

2024 NY Slip Op 02539

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-02273
2022-07229
 (Index No. 513452/17)

[*1]T. N., etc., appellant, 
v
City of New York, et al., respondents, et al., defendant.

Mallilo & Grossman, Flushing, NY (Spencer R. Bell of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Paul M. Tarr of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated March 17, 2022, and (2) an order of the same court dated August 29, 2022. The order dated March 17, 2022 denied the plaintiff's cross-motion pursuant to General Municipal Law § 50-e(6) for leave to amend the notice of claim and pursuant to CPLR 3025 for leave to amend the complaint. The order dated August 29, 2022, insofar as appealed from, granted that branch of the motion of the defendants City of New York and New York City Department of Education which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order dated March 17, 2022, is affirmed; and it is further,
ORDERED that the order dated August 29, 2022, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants City of New York and New York City Department of Education.
On March 11, 2016, at approximately 6:00 p.m., the plaintiff, then 13 years old, allegedly was injured when she fell while walking down stairs to the basement of Stephen Decatur Middle School No. 35, in Brooklyn, where she had been attending an after school program. The plaintiff left the school building without reporting the incident. On March 14, 2016, an incident report was filed by the assistant director of the after school program. The incident report indicated that on March 14, 2016, the plaintiff's father reported that plaintiff fell down stairs inside of the school building on March 11, 2016. In May 2016, the plaintiff, by her father and natural guardian, served a notice of claim on the defendants City of New York and New York City Department of Education (hereinafter together the defendants), alleging that the accident occurred in the "staircase designated Letter B." In August 2016, at a hearing pursuant to General Municipal Law § 50-h, and on November 14, 2019, at her examination before trial, the plaintiff testified that the accident occurred in staircase "B." In a bill of particulars served in September 2017, the plaintiff indicated that the accident occurred on staircase "B" on the "second step from the bottom." However, at a site [*2]inspection in March 2021, the plaintiff identified staircase "A" as the location of her fall. In August 2021, the plaintiff served a supplemental bill of particulars, alleging that the accident occurred in staircase "A."
Thereafter, the defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the notice of claim failed to correctly identify the place where the accident occurred and, therefore, did not comply with General Municipal Law § 50-e(2). The plaintiff opposed the motion and cross-moved pursuant to General Municipal Law § 50-e(6) for leave to amend the notice of claim and pursuant to CPLR 3025 for leave to amend the complaint to correctly identify staircase A as the site of the accident.
In an order dated March 17, 2022, the Supreme Court denied the plaintiff's cross- motion for leave to amend the notice of claim and the complaint. Subsequently, in an order dated August 29, 2022, the court, among other things, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff appeals.
"'To enable authorities to investigate, collect evidence and evaluate the merit of a claim, persons seeking to recover in tort against a municipality are required, as a precondition to suit, to serve a Notice of Claim'" (Davis v City of New York, 210 AD3d 865, 866, quoting Brown v City of New York, 95 NY2d 389, 392). General Municipal Law § 50-e(2) requires that the notice of claim set forth, among other things, "the time when, the place where and the manner in which the claim arose" (see Brown v City of New York, 95 NY2d at 393; Davis v City of New York, 153 AD3d at 660). "[I]n determining compliance with the requirements of General Municipal Law § 50-e, courts should focus on the purpose served by a Notice of Claim: whether based on the claimant's description municipal authorities can locate the place, fix the time and understand the nature of the accident" (Brown v City of New York, 95 NY2d at 393; see Davis v City of New York, 210 AD3d at 866). Pursuant to General Municipal Law § 50-e(6), a court has discretion to grant leave to serve an amended notice of claim where the error in the original notice was made in good faith and where the other party has not been prejudiced thereby (see Torres v Town of Babylon, 123 AD3d 1007, 1008).
Here, the plaintiff failed to meet her initial burden of demonstrating that the defendants will not be prejudiced as a result of the five-year delay in seeking leave to amend the notice of claim to correct the description of the accident location (see Davis v City of New York, 210 AD3d at 866; Matter of DiMattia v City of New York, 183 AD3d 823, 824; Jenkins v New York City Hous. Auth., 162 AD3d 752; Torres v Town of Babylon, 123 AD3d at 1008). The plaintiff did not assert that the alleged defective condition was unchanged in the five years since the date of the accident, she was not able to identify any witnesses to the incident or to the condition complained of, she did not receive any medical assistance at the accident site, and, contrary to the plaintiff's contention, the defendants did not acquire knowledge of the essential facts constituting the claim within the statutory 90-day period or a reasonable time thereafter (see General Municipal Law § 50-e[5]; Matter of DiMattia v City of New York, 183 AD3d at 824-825; Jenkins v New York City Hous. Auth., 162 AD3d at 753). The incident report indicated that the plaintiff "fell down the stairs," but provided no further detail as to which staircase or which step was the location of where the accident occurred.
Accordingly, the Supreme Court properly denied the plaintiff's cross-motion pursuant to General Municipal Law § 50-e(6) for leave to amend the notice of claim and pursuant to CPLR 3025 for leave to amend the complaint and, therefore, properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
BRATHWAITE NELSON, J.P., DOWLING, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court