Hernandez-Panell v City of New York (2024 NY Slip Op 05962)

Hernandez-Panell v City of New York

2024 NY Slip Op 05962

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2022-09274
 (Index No. 702343/19)

[*1]Maria Hernandez-Panell, appellant, 
v
City of New York, et al., defendants, New York City Transit Authority, et al., respondents (and a third-party action).

Wingate, Russotti, Shapiro, Moses & Halperin, LLP (Lisa M. Comeau, Garden City, NY, of counsel), for appellant.
Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy and Theresa Frame of counsel), for respondents.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered October 28, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendants New York City Transit Authority and Metropolitan Transit Authority which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the ground that the notice of claim did not comply with General Municipal Law § 50-e(2) and denied that branch of the plaintiff's cross-motion which was for leave to amend the notice of claim.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that branch of the motion of the defendants New York City Transit Authority and Metropolitan Transit Authority which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the ground that the notice of claim did not comply with General Municipal Law § 50-e(2) is denied, and that branch of the plaintiff's cross-motion which was for leave to amend the notice of claim is granted.
The plaintiff allegedly was injured when she tripped and fell on the sidewalk in front of 853 Wyckoff Avenue in Queens. The plaintiff served a notice of claim dated April 25, 2016, upon the defendants New York City Transit Authority and Metropolitan Transit Authority (hereinafter together the Transit defendants). The notice of claim identified the plaintiff as "Maria Hernandez," set forth the location of the incident, and listed the date of the occurrence as March 5, 2016. A photograph depicting the alleged defect was annexed to the notice of claim. On September 22, 2016, the plaintiff testified at a hearing pursuant to General Municipal Law § 50-h and Public Authorities Law § 1212(5). At the hearing, the plaintiff testified, inter alia, that the accident occurred on April 5, 2016. In April 2017, the plaintiff commenced this action against the Transit defendants, among others, to recover damages for personal injuries she allegedly sustained in the accident. The action was subsequently consolidated with another action.
The Transit defendants subsequently moved, among other things, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the ground that the notice of [*2]claim did not comply with General Municipal Law § 50-e(2), as it incorrectly listed the date of the accident as March 5, 2016, instead of April 5, 2016, and identified the plaintiff as "Maria Hernandez," instead of "Maria Hernandez-Panell." The plaintiff opposed the motion and cross-moved, inter alia, for leave to amend the notice of claim. In order entered October 28, 2022, the Supreme Court, among other things, granted that branch of the Transit defendants' motion and denied that branch of the plaintiff's cross-motion. The plaintiff appeals.
General Municipal Law § 50-e(2) requires that a notice of claim set forth, inter alia, "the time when, the place where and the manner in which the claim arose" (see Brown v City of New York, 95 NY2d 389, 393; Davis v City of New York, 210 AD3d 865, 866). "[I]n determining compliance with the requirements of General Municipal Law § 50-e, courts should focus on the purpose served by a Notice of Claim: whether based on the claimant's description municipal authorities can locate the place, fix the time and understand the nature of the accident" (Brown v City of New York, 95 NY2d at 393). Pursuant to General Municipal Law § 50-e(6), a court has discretion to grant leave to serve an amended notice of claim where the error in the original notice was made in good faith and where the other party has not been prejudiced thereby (see Davis v City of New York, 210 AD3d at 866; Torres v Town of Babylon, 123 AD3d 1007, 1008).
Here, there is no indication that the date originally listed in the notice of claim as the accident date was set forth in bad faith, and the Transit defendants did not demonstrate any prejudice as a result of the error (see Gatewood v Poughkeepsie Hous. Auth., 28 AD3d 515; Rosetti v City of Yonkers, 288 AD2d 287, 288). Moreover, the plaintiff supplied the correct date of the accident at the hearing pursuant to General Municipal Law § 50-h and Public Authorities Law § 1212(5) (see Matter of DeVerna v Incorporated Vil. of Lynbrook, 67 AD3d 1009, 1010; Gatewood v Poughkeepsie Hous. Auth., 28 AD3d at 515). The Transit defendants also failed to demonstrate that they would be prejudiced by the proposed amendment to identify the plaintiff as "Maria Hernandez, a/k/a Maria Hernandez-Panell."
The Transit defendants' remaining contention is without merit.
Accordingly, the Supreme Court should have denied that branch of the Transit defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the ground that the notice of claim did not comply with General Municipal Law § 50-e(2) and granted that branch of the plaintiff's cross-motion which was for leave to amend the notice of claim.
The Supreme Court did not address that branch of the Transit defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Metropolitan Transit Authority on the ground that it is not a proper party to this action or that branch of the plaintiff's cross-motion which was to strike the Transit defendants' fourth affirmative defense. Since that branch of the motion and that branch of the cross-motion remain pending and undecided, the arguments the plaintiff raises with respect thereto are not properly before this Court (see Tirado-Sottosanyti v Crowley, 220 AD3d 820, 823; Katz v Katz, 68 AD2d 536).
IANNACCI, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court