Garland v City of New York (2025 NY Slip Op 01909)

Garland v City of New York

2025 NY Slip Op 01909

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2022-07187
 (Index No. 12782/15)

[*1]Theresa Garland, appellant, 
v
City of New York, et al., defendants, New York City Transit Authority, et al., respondents.

Harmon, Linder, & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated July 27, 2022. The order, insofar as appealed from, granted the motion of the defendants New York City Transit Authority, MABSTOA, MTA, and Metropolitan Transit Authority Bus Company pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the ground that the notice of claim did not comply with General Municipal Law § 50-e(2) and denied that branch of the plaintiff's cross-motion which was for leave to amend the notice of claim.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when she fell while attempting to board a bus on June 13, 2015. In a notice of claim, the plaintiff alleged that the accident occurred on June 9, 2015. Subsequently, the plaintiff commenced this action to recover damages for personal injuries allegedly sustained in the fall. In the complaint and bill of particulars, the plaintiff similarly alleged that the accident occurred on June 9, 2015. After reviewing the plaintiff's medical records produced during discovery, the defendants New York City Transit Authority, MABSTOA, MTA, and Metropolitan Transit Authority Bus Company (hereinafter collectively the defendants) learned that the correct date of the alleged accident was, in fact, June 13, 2015.
Thereafter, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the ground that the notice of claim did not comply with General Municipal Law § 50-e(2), as it stated the wrong date of the alleged accident. The plaintiff cross-moved, among other things, for leave to amend the notice of claim to correct the date of the alleged accident. In an order dated July 27, 2022, the Supreme Court, inter alia, denied that branch of the plaintiff's cross-motion and granted the defendants' motion. The plaintiff appeals.
Under the circumstances, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's cross-motion which was for leave to amend the notice of claim merely because the plaintiff failed to cite to the relevant statute, General Municipal Law § 50-[*2]e(6) (see generally CPLR 2001; cf. Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 143). Nevertheless, we agree with the result reached by the court on the merits, because, as the defendants argue in the alternative (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546), the plaintiff failed to demonstrate that the defendants had not been prejudiced by the error in the original notice of claim.
"To enable authorities to investigate, collect evidence and evaluate the merits of a claim, persons seeking to recover in tort against a municipality are required, as a precondition to suit, to serve a Notice of Claim" (Brown v City of New York, 95 NY2d 389, 392; see General Municipal Law § 50-e; Washington v City of New York, 190 AD3d 1009, 1010-1011; Matter of McClancy v Plainedge Union Free Sch. Dist., 153 AD3d 1413, 1414). "A notice of claim must set forth, among other things, 'the nature of the claim' and 'the time when, the place where and the manner in which the claim arose'" (Washington v City of New York, 190 AD3d at 1011, quoting General Municipal Law § 50-e[2]). "The requirements of the statute are met when the notice describes the incident with sufficient particularity so as to enable the defendant to conduct a proper investigation thereof and to assess the merits of the claim" (id. [alterations and internal quotation marks omitted]; see T.N. v City of New York, 227 AD3d 815, 816).
"Pursuant to General Municipal Law § 50-e(6), a court has discretion to grant leave to serve an amended notice of claim where the error in the original notice was made in good faith and where the other party has not been prejudiced thereby" (T.N. v City of New York, 227 AD3d at 816-817; see I.T.K. v Nassau Boces Educ. Found., Inc., 177 AD3d 962, 964). The plaintiff has the "initial burden of demonstrating the absence of prejudice" (Matter of St. Hilaire v New York City Hous. Auth., 216 AD3d 645, 647).
Here, the plaintiff failed to meet her initial burden of demonstrating the absence of prejudice to the defendants arising from the plaintiff's repeated errors regarding the date of the accident. In particular, the record shows that despite conducting a diligent investigation into the plaintiff's allegations, the defendants did not ascertain the correct date of the alleged accident until approximately three years after the accident occurred (see T.N. v City of New York, 227 AD3d at 817; Davis v City of New York, 210 AD3d 865, 866). Although the relevant bus operator was eventually identified by the defendants, the operator had no memory of the date in question and, thus, the defendants were, under the circumstances, prejudiced in their "ability to investigate other aspects of the occurrence and to interview witnesses" (Torres v Town of Babylon, 123 AD3d 1007, 1008; see Jenkins v New York City Hous. Auth., 162 AD3d 752, 753).
Contrary to the plaintiff's contention, this is not a case where the defendants could have timely ascertained the correct date of the accident with a modicum of effort (cf. Pisano v Metropolitan Transp. Auth., 191 AD3d 907, 908; Avery v New York City Tr. Auth., 138 AD3d 770, 771).
Accordingly, we affirm the denial of that branch of the plaintiff's cross-motion which was for leave to amend the notice of claim and, therefore, the granting of the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the ground that the notice of claim did not comply with General Municipal Law § 50-e(2) (see T.N. v City of New York, 227 AD3d at 817; Davis v City of New York, 210 AD3d at 866-867).
In light of the foregoing, we need not address the defendants' remaining contention.
CONNOLLY, J.P., CHAMBERS, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court